## LANGSTON *v.* THE STATE.

An indictment which charges the accused with seducing a virtuous unmarried female "by persuasion and promises of marriage, and by other false and fraudulent means," is demurrable for failure to set forth by what

means other than persuasion, accompanied by promises of marriage, the alleged seduction was accomplished. LITTLE, J., dissenting.

Submitted October 6, — Decided October 28, 1899.

Indictment for seduction. Before Judge Henry. Floyd superior court. July term, 1899.

*M. B. Eubanks*, for plaintiff in error.
*Moses Wright, solicitor-general*, contra.

LUMPKIN, P. J. The only question for decision in this case is whether or not the court erred in overruling a special demurrer to the indictment. It charged the accused with the offense of seducing one Emma Oliver, "by persuasion and promises of marriage, and by other false and fraudulent means." The main point presented by the demurrer was, that the indictment failed to set forth what were the "other false and fraudulent means" employed by the accused in accomplishing the alleged seduction. In our judgment, this point was well taken. Section 387 of the Penal Code specifically declares that the offense of seduction may be committed either by "persuasion and promises of marriage," or by "other false and fraudulent means;" that is, means not consisting of mere persuasion accompanied by promises of marriage. This court, in the noted case of *Wood* v. *State*, 48 *Ga.* 192, distinctly and in terms recognized the distinction between seduction accomplished by persuasion and promises of marriage, and seduction brought about by false and fraudulent means of a different character. While section 929 of the Penal Code provides that "Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct which states the offense in the terms and language of this Code, or so plainly that the nature of the offense charged may be easily understood by the jury," yet, as has been held by this court, the purpose of this section was not to dispense with good pleading or to deny to one accused of an offense which may be committed in more than one way a statement of the facts relied on to establish his guilt sufficiently full and complete to put him upon reasonable notice of what he is called upon to meet. *Johnson* v. *State*, 90 *Ga.* 441, 444. A man charged with seducing a virtuous un-

married female by means of persuasion and promises of marriage would, without further detail, understand the precise nature of the charge preferred against him, and could very well anticipate the character of proof upon which the State would rely for a conviction. But a man accused generally of seduction, in that he used false and fraudulent means other than persuasion and promises of marriage, would be completely in the dark as to how the State expected to establish his guilt, and therefore at a loss how to prepare his defense. Accordingly, when a man is indicted for committing this offense by such other false and fraudulent means, and by special demurrer demands the information to which he is, as just pointed out, fairly entitled, he should not be forced to trial upon an indictment wanting in such essential particulars.

It seems that the judge below upheld the indictment in the present case upon the idea that the words "and by other false and fraudulent means" could be treated as mere surplusage. We can not concur in this view. These words were vital, pregnant, and full of significance; they carried a distinct and serious charge against the accused, not embraced in the averment that he had employed "persuasion and promises of marriage." Doubtless they might well have been omitted from the indictment, but, as they were inserted in it, a demand for a statement of their full intent and meaning could not be met by adjudging, in effect, that they had no meaning whatever.

*Judgment reversed.    All the Justices concurring, except*

LITTLE, J., dissenting. The only point of difference between a majority of the court and myself rests on the construction of the bill of indictment. Further than this I do not dissent from any proposition of law announced by my brethren. The statute on which the bill of indictment was based declares that if any person shall, "by persuasion and promises of marriage or other false and fraudulent means, seduce a virtuous unmarried female," etc., he shall be punished by imprisonment and labor in the penitentiary. The offense is complete if one seduces such a female by persuasion and promises of marriage, and it is also made out if such seduction is accomplished by false and fraudulent means other than by persuasion and prom-

ises of marriage. The bill of indictment contains but one count. That charges the defendant with having seduced Emma Oliver "by persuasion and promises of marriage and by other false and fraudulent means." I understand, from the reasoning of my brethren, that if the words "and by other false and fraudulent means" were left out of this charge, the indictment would be good. While the additional words do not, of course, add any force to the charge that the female was seduced by persuasion and promises of marriage, certainly they do not take anything away from the effect of the charge made in the words of the statute. They qualify them in no way, and by the words in the bill of indictment a charge is distinctly made that the female was seduced by persuasion and promises of marriage. The added words were not used for the purpose of charging that the defendant accomplished the seduction by other means than by persuasion and promises of marriage. If they stood alone, the indictment would not be good, because the means charged to be false and fraudulent are not set out. But I know of no reason, in law or logic, why, when an offense is charged in the words of the statute, additional words which do not qualify them, nor in themselves set out an offense, would render the charge, as made, illegal. It is, therefore, my opinion that the demurrer was properly overruled by the trial judge, and that the verdict should not be set aside.