JINKS *v.* THE STATE.

1. The statute of limitations applicable in the trial of a criminal case is that which relates to the offense charged in the indictment, and not that which relates to any minor offense of which the accused might be convicted under the indictment.

2. When in the trial of one charged with the offense of seduction the judge erroneously charges the jury that the accused can not be convicted of fornication, unless that offense was committed within two years immediately preceding the finding of the bill of indictment, such charge, although erroneous, will not require the granting of a new trial, when it is apparent from the charge as a whole that the jury must have understood that if they believed the accused was guilty of fornication and not seduction, they should acquit him.

3. Under the provisions of the Penal Code, § 388, as amended by the act approved December 20, 1899 (Acts 1899, p. 42), a prosecution for seduction can not be stopped by an offer of marriage unless such offer is made before arraignment and pleading.

4. In the trial of one charged with seduction, alleged to have been accomplished by persuasion and promises of marriage, it is not essential to a conviction that the evidence should disclose that there was a definite time fixed for the marriage to take place.

5. In the trial of one charged with seduction, alleged to have been accomplished in the manner above indicated, evidence of promises of marriage, made by the accused subsequently to the time when the alleged seduction was claimed to have been accomplished, is admissible.

6. The evidence authorized the verdict, and none of the rulings or charges complained of, which were insisted on in the brief filed in this court by counsel for the plaintiff in error, were, even if erroneous, of such a character as to require the granting of a new trial.

Argued November 18, — Decided December 19, 1901.

Indictment for seduction. Before Judge Russell. Gwinnett superior court. October 5, 1901.

*John R. Cooper* and *Oscar Brown*, for plaintiff in error.
*C. H. Brand, solicitor-general,* contra.

COBB, J. The accused was convicted of the offense of seduction, and brings his case here upon a bill of exceptions assigning error upon the overruling of his motion for a new trial.

1, 2. The court charged the jury, in substance, that while under an indictment for seduction the accused might be convicted of fornication, a verdict for fornication would not be authorized unless the jury believed that the offense had been committed within two years prior to the finding of the indictment. This charge was .erroneous. It is settled law in this State that the statute of limitations applicable in a criminal case is that which relates to the offense charged in the indictment, and not to any minor offense included therein of which the accused might be found guilty. *Reynolds* v. *State,* 1 *Ga.* 222; *Clark* v. *State,* 12 *Ga.* 350; *Wall* v. *State,* 75 *Ga.* 474. There was evidence authorizing the jury to find that sexual intercouse took place between the accused and the

daughter of the prosecutor within four years immediately preceding the finding of the indictment; and as an indictment for seduction would not be barred until after the lapse of four years, a verdict for fornication would have been warranted if the jury had believed that this offense was committed, notwithstanding the fact that the act of sexual intercourse took place more than two years prior to the finding of the indictment. While this charge was clearly erroneous, it will not be sufficient to require the granting of a new trial, unless the accused was in some manner prejudiced thereby. When the charge of the judge is taken as a whole, we do not think the accused was prejudiced by this error. The charge, in substance, instructed the jury that if the accused was guilty of seduction they should so find; and that if they believed that he was guilty only of fornication and that offense was not committed within two years prior to the finding of the indictment, they should acquit him. Under this charge, if the jury believed that the accused was guilty only of the minor offense, they would have been compelled to return a verdict of acquittal. Their finding that he was guilty of seduction shows that they did not credit the statement of the accused, upon which alone a verdict of fornication could have been legally based. Taking the charge as a whole, it was, upon this branch of the case, more favorable to the accused than he had any right to demand.

3. During the progress of the trial and after two arguments had been made to the jury, the accused in open court offered to marry the woman alleged to have been seduced, and at the time of this offer he produced a marriage license regularly granted by the ordinary, and a bond approved by that officer for the sum of five hundred dollars, conditioned for the maintenance and support of the female and her child. The court declined to consider in any way this offer of marriage, upon the ground that it came too late, and refused to admit in evidence before the jury the offer of marriage as well as the license and bond. These rulings of the court are assigned as error. There was no error in either of these rulings. The Penal Code, § 388, as amended by the act of 1899 (Acts 1899, p. 42), provides that a prosecution for seduction may be stopped by a bona fide and continuing offer of marriage on the part of the alleged seducer, if such offer is made at any time before arraignment and pleading, and not otherwise. The judge was correct in holding that the offer of marriage came too late to stop the prose-

cution; and this being true, the offer and the documents tendered in connection therewith were properly withheld from the jury as evidence. The judge also properly refused to allow counsel for the accused to ask the female alleged to have been seduced, while a witness on the stand, whether or not she was willing to marry the accused. After arraignment and pleading the question whether the female was or was not willing to marry the author of her ruin was utterly irrelevant.

4. In several grounds of the motion for a new trial error is assigned upon charges of the court, as well as upon refusals of certain requests to charge; the point made by these assignments being that there can be no conviction of seduction alleged to have been accomplished by persuasion and promises of marriage, unless there was a specific day agreed on for the marriage. It is strenuously claimed by counsel for the accused that this proposition is supported by the ruling made in the case of *Cherry* v. *State*, 112 *Ga.* 871. While it was ruled in that case that where there was an agreement between the parties that they should marry at a fixed time in the future, and the woman, reposing full confidence in the man, yields to his lustful embraces, he would be guilty of the crime of seduction, there was nothing in that case which authorized the conclusion that the crime could not be committed unless there was a definite time fixed for the marriage. In that case the time was fixed, and it was so stated; but this was not essential to a conviction in that case, nor is it essential in any case to the completion of the crime of seduction. The case is made out if the ruin of the woman is accomplished by persuasion and promises of marriage, even though no definite time in the future may have been agreed on for the marriage to take place.

5. Complaint is further made that the court erred in permitting the female alleged to have been seduced to testify that the accused repeated the promises of marriage after the seduction had been accomplished. There was no error in admitting this testimony. See *Keller* v. *State*, 102 *Ga.* 506 (6), and case cited.

6. The motion for a new trial in this case contains numerous grounds, but the foregoing opinion deals with all of the questions of law raised in the motion which are argued in the brief filed for the plaintiff in error, and which are of such a character as to require any extended discussion. The failure of the judge to charge

the jury on the subject of the good character of the accused is not, in the light of the certificate of the judge appended to that ground of the motion which assigns such failure as error, sufficient to require a new trial; it appearing from the certificate that the good character of the accused was testified to by only one witness, and he a witness for the State, that this matter was not referred to in the argument by counsel for the accused, that no request, either oral or written, was presented to the court on the subject, and that the fact that one of the witnesses for the State had testified that the accused had previously borne a good character, for the reasons just referred to, escaped the attention of the judge. The refusal of the judge to allow counsel to read in his argument to the court a decision of the Supreme Court is not ground for a new trial, when it appears from the certificate of the judge to the motion for a new trial that counsel was allowed, "without let or hindrance," to read the decision to the jury when addressing them in conclusion. The charge, when taken as a whole, fairly submitted the case to the jury, and none of the rulings or charges complained of, which were insisted on in the brief filed in this court by counsel for the plaintiff in error, were, even if erroneous, of sufficient importance to require the judge to grant a new trial.

Only two matters remain to be disposed of, and they are: was the verdict of the jury authorized by the evidence; and if so, was the sentence of the court "severe and excessive"? On the first question all that is necessary to satisfy any fair and impartial person is to read the sad and simple story, as it appears in the record, of the guileless girl who is the alleged victim of the seduction. It is not the story of a bad woman, but it is the story of a pure, virtuous woman who has been led from the path of rectitude by the love and confidence which she reposed in the designing and unprincipled creature who has accomplished her ruin. Even those circumstances which are relied upon as evidence attacking her character are explained away in a straightforward and candid manner, showing that her conduct, while imprudent and unwise, was not that of a woman of a lascivious or lustful heart. The sworn evidence in the case absolutely demanded a verdict of guilty. The only thing that is interposed to break the force of this testimony is the unsworn statement of the accused, which is unreasonable, contradictory, and bears upon its face the stamp of absolute falsity. That a jury of

fair-minded, honest men should have believed the story of this un-
fortunate woman, and disregarded altogether the fabricated defense
of the accused, will not be a surprise to any one who reads the evi-
dence contained in this record. The case presented discloses the
accused, not only as a man who has deliberately and wilfully led
to her ruin a virtuous and artless girl, but as one who on his trial
for this offense does not hesitate to attempt to besmirch her char-
acter and hold her up to the world as one to be despised and
loathed, by what is contained in his unsworn statement, which
would not for a moment be credited by any impartial, fair-minded
person. And still it is argued here by able counsel with great
earnestness that in such a case a sentence of imprisonment for
twenty years in the penitentiary is severe and excessive, that our
learned brother of the circuit bench was led away by his indigna-
tion at the crime to impose a sentence which would lay him sub-
ject to the criticism of being unduly severe, and that the sentence
imposed amounted almost to "judicial ferocity." As the term of
imprisonment does not exceed that fixed by the statute, of course
we could not interfere in any event with the discretion of the judge
in fixing the punishment. In a case, however, of the character
shown by the sworn evidence in the present case, there was noth-
ing severe or excessive in the sentence imposed, and we take occa-
sion to say that the sentence imposed meets our entire approbation.
The motives which animated the judge in imposing this sentence
were not those of a ferocious savage desiring to destroy a helpless
victim in his power, but were those arising from the just and right-
eous indignation of an upright, intelligent, and fearless magistrate
against one who had outrageously accomplished the ruin of a pure,
innocent, and virtuous girl and committed one of the gravest of-
fenses against the peace and stability of society which is contained
in our Penal Code. There is hardly any punishment known to the
law of the civilized world that would be unduly severe in a case of
the character contained in the present record. The accused has
had a fair trial according to the law of the land. The sentence
does not exceed the limit authorized by law or demanded by the
facts of the case, and the accused must suffer the consequences of
the grave offense which he has committed.

*Judgment affirmed. All the Justices concurring, except Little,
J., absent.*