## THOMAS v. THE STATE.

PER CURIAM: The Court of Appeals desires instructions upon the following questions:

"1. In the trial of a case of seduction, was the following charge to the jury error because it tended to discredit in the minds of the jury the defense interposed by the prisoner that the woman he was charged with seducing was not a virtuous female, or because it contained an intimation by the court that the facts sought to be proved by the defendant constituted no lawful defense, but amounted only to an effort on his part to 'blacken and blackball the character of his alleged victim;' or was this language of the court calculated to raise in the minds of the jury such a prejudice against the defendant and his defense as to require the setting aside of the verdict of guilty: 'The proof of lascivious indulgences and wanton dalliances, with other evidence short of direct proof of the overt act, may authorize the jury to infer actual guilt of the illicit act; but it is not a lawful defense for the accused to blacken or blackball the character of his alleged victim by proving loose declarations or showing imprudent or immodest conduct on the part of the woman he is accused of seducing'?" The Court of Appeals is instructed that the excerpt from the charge quoted in the above question is erroneous for the reasons stated; but whether the error was cured or the evidence was such as to avoid the necessity of a new trial depends upon an entire review of the case, which can be done only by the Court of Appeals.

BECK and HILL, JJ., dissenting. The first question in this case really comprises three questions: The first is, was the charge of the court referred to error because it tended to discredit in the minds of the jury the defense interposed by the prisoner that the woman he was charged with seducing was not a virtuous female? Second, was the charge erroneous because it contained an intimation by the court that the facts sought to be proved by the defendant constituted no legal defense, but amounted only to an effort on his part to blacken "and blackball" the character of his alleged victim? Third, was the language of the court calculated to raise in the minds of the jury such a prejudice against the defendant and his defense as to require the setting aside of the verdict of guilty? In our opinion the first question should be answered in the negative. The other two questions can not be answered without entering upon a consideration of the evidence, which this court can not do.

"2. Where the indictment charged the defendant with the commission of the crime of seduction by 'persuasion and promises of marriage' only, was it reversible error for the court to give to the jury the full definition of the crime of seduction as contained in the Penal Code, § 378, including the accomplishment of that crime, not only by 'persuasion and promises of marriage,' but also by 'other false and fraudulent means,' without at least instructing the jury as to what would constitute the other false and fraudulent means by which the crime could be accomplished? See, in this connection, *Langston v. State*, 109 *Ga.*

153 [35 S. E. 166, 779], where it is held that an indictment charging the commission of this crime by false and fraudulent means is demurrable for failure to set forth by what means the seduction was accomplished." It was not reversible error to give this charge, assuming that the court somewhere in the general charge pointed out to the jury that they were trying the defendant upon the charge of having accomplished the seduction by persuasion and promises of marriage. This exact question is dealt with in *Jones* v. *State*, 90 *Ga.* 616 (16 S. E. 380).

3. In answer to the third question propounded by the Court of Appeals, it was not reversible error, on the trial of one under an indictment charging him with the commission of the crime of seduction by "persuasion and promises of marriage only," for the court to give the jury the full definition of the crime of seduction as contained in the Penal Code, § 378, including the accomplishment of that crime, not only by "persuasion and promises of marriage," but also by "other false and fraudulent means," where the court subsequently instructed the jury, without specially retracting or explaining anything contained in the above instruction, in effect that the State relied for conviction upon proof of persuasion and promises of marriage.

All the Justices concur, except Beck and Hill, JJ., dissenting.

DECEMBER 19, 1916.

Questions certified by Court of Appeals (Case No. 6188).

*J. H. Hall, Davis & Sturgis, C. A. Weddington, I. N. Edwards, J. A. Thomas,* and *Walter R. Brown,* for plaintiff in error.

*E. L. Stephens, solicitor-general,* and *J. S. Adams,* contra.