## 8787.   DURRENCE *v.* THE STATE.

1. A conviction of seduction was authorized by the evidence.
2. No harm to the accused appears from a ground of the motion for a new trial which complains of the action of the trial judge in holding that one of the panel of jurors put upon the accused was disqualified, where it does not appear from any recital in that ground or elsewhere in the record that the juror was not in fact disqualified.
3. There was evidence which authorized the jury to infer that the indict-· ment was found and filed within the period prescribed by the statute of limitations.

DECIDED JUNE 13, 1917.

Indictment for seduction; from Tattnall superior court—Judge Sheppard.   March 20, 1917.

*H. H. Elders,* for plaintiff in error.

*W. F. Slater, solicitor-general,* contra.

WADE, C. J.  1.  The prosecutrix testified that she and the accused were "engaged to marry" when he first had sexual intercourse with her, and had been engaged for some time before it occurred, and that she yielded to him because she "loved him and he promised to marry" her.  There being, according to this testimony, a bona fide existing and virtuous engagement to marry, the jury were authorized to infer that the illicit intercourse was not a purely meretricious transaction, notwithstanding the further testimony of the prosecutrix that "He told me he would marry me if I got into any trouble, and that he loved me, and I told him that I loved him," and "I agreed to it because I loved him and thought he loved me, and because he said if he got me a baby that he would marry me, and that is why I let him do it."  "To accomplish sexual intercourse with a virtuous woman, pending a virtuous engagement to marry her, may be seduction, though consent be obtained without other persuasion than that which is implied (considering the past courtship and the present relation of the parties) in proposing the intercourse and repeating the promise of marriage."  *Wilson* v. *State,* 58 *Ga.* 329.  See also *Cherry* v. *State,* 112 *Ga.* 871 (38 S. E. 341); *O'Neill* v. *State,* 85 *Ga.* 408 (11 S. E. 857); *Disharoon* v. *State,* 95 *Ga.* 351 (22 S. E. 698); *Boyett* v. *State,* 16 *Ga. App.* 150, 153 (84 S. E. 613).  "Intercourse brought about by promise of marriage only, with no aid from *persuasion* [italics ours] or other false and fraudulent means, will not constitute the offense of seduction."  *O'Neill* v. *State,* supra.  But "a promise of marriage which a woman believes to be made in good faith, and made as a climax to a long course of wooing, when the man has fully captured the heart of the woman, and she hearkens to the voice of love and yields to her lover because she trusts him, implies persuasion of the strongest character."  *Woodard* v. *State,* 5 *Ga. App.* 451 (63 S. E. 575).  See also *Jones* v. *State,* 90 *Ga.* 616 (16 S. E. 380).  The indictment in this case charged the accused with committing the crime of seduction "by persuasion and promises of marriage" only.  The evidence authorized the verdict, and there is no merit in the general grounds of the motion for a new trial.

2.  The 4th ground of the amendment to the motion for a new trial complains that after a panel of 48 jurymen was put upon the defendant and he had accepted it to strike from, the

court, upon information that one of the said jurymen was related to the defendant, and without hearing any evidence upon the question, declared the juryman to be disqualified, and ordered that he be stricken from the list, over objection of the defendant and his counsel. It does not appear, from any recital in this ground of the motion for a new trial or elsewhere in the record, that the juror stricken from the panel by the court *was not in fact disqualified;* and therefore no harm to the defendant is shown, and this ground of the motion is without merit, the presumption being that the act of the trial judge was authorized, and the record further showing that "counsel for the defendant stated that from what he had heard the said juror was related to the defendant in the ninth degree, but no closer, if that close." See *Smith* v. *State,* 2 *Ga. App.* 574 (59 S. E. 311).

3. There is no merit in the 5th and sole remaining ground of the amendment to the motion for a new trial. There was testimony from which the jury were authorized to infer that the crime was committed within four years next preceding the finding of the indictment (Penal Code of 1910, § 30), and it was for the jury to determine whether this evidence was sufficient to show that the crime was committed within the period of limitation fixed by the statute, to their satisfaction and beyond a reasonable doubt.

The trial judge did not err in overruling the motion for a new trial.        *Judgment affirmed. George and Luke, JJ., concur.*