10322. WOOTEN *v.* THE STATE.

BROYLES, P. J. 1. The 1st special ground of the motion for a new trial, not having been argued in the brief of counsel for the plaintiff in error, is treated as abandoned.

2. The 2d special ground is without merit.

3. The request to charge upon the penalty for the offense of seduction contained an incorrect statement as to the law, and was properly refused.

4. The court did not err in declining to give the requested instructions set out in the 4th special ground of the motion for a new trial, as they were sufficiently covered by the charge given.

5. The excerpt from the charge, complained of in the 5th special ground of the motion for a new trial, is not erroneous for any reason assigned. The definition. of seduction as therein contained embraced so much of the language of the statute (Penal Code, § 378) as covered the charge in the indictment, and was adjusted to the facts of the case.

6. There is no merit in the 6th, 7th, and 9th special grounds of the motion for a new trial, which complain, in effect, that the court erred in failing to charge the jury that the alleged persuasions and promises of marriage must have been false and fraudulent, to constitute the crime. of seduction. The indictment charged the accused with committing the crime of seduction by "persuasion and promises of marriage." only, and the court charged in the language of the code.

7. The excerpt from the charge of the court, complained of in the 8th special ground of the motion for a new trial, when considered with its context, is not erroneous for any reason assigned. It could not have misled the jury. into believing that fornication merely would make the defendant guilty of seduction.

8. The 10th and 12th special grounds of the motion for a new trial are without merit.

9. The court did not err in overruling the 11th special ground of the motion for a new trial; the alleged newly discovered evidence being cumulative and impeaching in its character, and having been met by a counter-showing on the part of the State.

10. Under the ruling in *Durrence* v. *State*, 20 *Ga. App.* 192 (92 S. E. 962), the evidence was sufficient to authorize the verdict; and the court did not err in refusing to grant a new trial.

*Judgment affirmed. Bloodworth J., concurs. Stephens, J., concurs specially.*

STEPHENS, J. I concur in all except the ruling contained in paragraph 3. I am of the opinion that the request to charge referred to therein was substantially a correct statement of the law, but concur in· the conclusion that it was properly refused by the trial judge. I do so, however, on the ground that it was covered in the general charge.

DECIDED MAY 16, 1919.

Indictment for seduction; from Jeff Davis superior court— Judge Highsmith. September 4, 1918.

The ·requested charge referred to in paragraph 3 of the decision was, that "seduction is a felony involving a penalty of from one to twenty years in the penitentiary of Georgia, and where one is convicted of seduction the punishment can not be for a misdemeanor, nor by fine, nor otherwise except by sentence to a term in the penitentiary of Georgia."

*W. W. Bennett, R. B. Chastain*, for plaintiff in error.

*Alvin V. Sellers, solicitor-general*, contra.