*Dixon & Cobb, J. S. Powell,* for plaintiff in error.

*H. S. White, solicitor,* contra.

---

## 16267. HOLLAND *v.* THE STATE.

BROYLES, C. J. 1. Under the rulings in *Durrence* v. *State*, 20 *Ga. App.* 192 (92 S. E. 962), and the facts of the instant case, the jury were authorized to find that the sexual intercourse between the accused and the prosecutrix was not a purely meretricious transaction, notwithstanding her testimony that the accused promised to marry her *if she became pregnant.*

2. Where a prosecution for seduction has been suspended by the marriage of the parties, and where it appears that the man has failed to comply with the provision of section 379 of the Penal Code of 1910, that he shall live with the female in good faith for five years, the prosecution can be revived. And where it is so revived, it is not incumbent upon the State

39

to prove that the accused did not give the statutory bond, or that he was unable to give it. This is a matter of defense. The statute (Penal Code of 1910, § 379), properly construed, means that the prosecution is not stopped by the marriage of the parties unless the required bond is given, or, if the bond be not given, until the man has lived with the female in good faith for five years. A conviction may be had although the evidence be silent as to whether the accused gave the bond or as to whether he was unable to give it. Especially is this true where, as in the instant case, no question as to the giving of the bond or as to the defendant's inability to give it was raised upon the hearing of the case, and the case was tried by both parties on the theory that the bond had not been given, and where there is no contention by the accused that it was actually given.

3. Under the above-stated rulings and the facts of the instant case, the verdict was authorized by the evidence, and none of the grounds of the amendment to the motion for a new trial shows reversible error.

*Judgment affirmed.* *Luke and Bloodworth, JJ., concur.*

DECIDED MARCH 27, 1925.

Indictment for seduction; from Jackson superior court—Judge Russell. December 29, 1924.

Application for certiorari was denied by the Supreme Court.

*A. C. Brown, John J. Strickland,* for plaintiff in error.

*Pemberton Cooley, solicitor-general,* contra.