### 18490.   JOINER *v.* STATE.

Where an indictment charges seduction "by persuasion and promises of marriage" alone, and the court, after charging section 378 of the Penal Code (1910) in full, thus injecting into the case seduction by "other false and fraudulent means," repeatedly so instructs the jury as to indicate that the defendant is being tried for seduction accomplished by "other false and fraudulent means," as well as "by persuasion and promises of marriage," without anywhere charging in effect that the State relied for a conviction upon proof by persuasion and promises of marriage only, this court can not say that the jury were not confused or misled by the court's instructions, and a new trial must be granted.

DECIDED DECEMBER 13, 1927.

Seduction; from Laurens superior court—Judge Camp. September 17, 1927.

*E. L. Stephens, T. E. Hightower,* for plaintiff in error.
*Fred Kea, solicitor-general,* contra.

LUKE, J.  Claud James Joiner was convicted of seduction under an indictment containing two counts. The first count charged seduction "by persuasions and promises of marriage." The second count charges that after marrying Miss Wood on January 2, 1927, to stop his prosecution for seduction, defendant deserted and abandoned her without giving bond for the maintenance and support of her and the child, and that he has since failed and refused either to give said bond or to live with said Miss Wood. The jury found the defendant guilty, and fixed his sentence at a minimum of ten and a maximum of twelve years. In his motion for a new trial he assigns error upon several special grounds, as well as upon the usual general grounds.

The indictment charges seduction "by persuasions and by promises of marriage" alone. Section 378 of the Penal Code (1910) reads: "If any person shall, by persuasion and promises of marriage or other false and fraudulent means, seduce a virtuous unmarried female," etc. Ground 7 complains that the court erred in charging the foregoing section in full when the indictment did not charge seduction by "other false and fraudulent means,"

Seduction, 35 Cyc. p. 1367, n. 11.

without instructing the jury that the State relied for conviction upon proof that the seduction was had by persuasion and promises of marriage. Ground 8 is to the same effect, error being alleged on the following excerpt from the charge: "To make out a case of seduction there must be persuasion and promises of marriage, or other false and fraudulent means." Another special ground (not numbered) raises the same question presented in grounds 7 and 8.

In *Jones* v. *State*, 90 *Ga.* 616 (16 S. E. 380), the judge charged the jury as follows: "The charge made in the bill of indictment is, that this woman was seduced by persuasion and promises of marriage; 'other false and fraudulent means' are left out. The State relies for conviction upon the proof of persuasion and promises of marriage—seduction by these means." In the decision (p. 628) the court held: "It is true the indictment alleged the seduction was accomplished only by persuasion and promises of marriage, and did not charge that any other false and fraudulent means were used by the accused; but the court took pains to instruct the jury, and distinctly explained to them, that the State relied for conviction upon proof of the latter alone." In passing upon a certified question from this court, the Supreme Court held in *Thomas* v. *State*, 146 *Ga.* 346 (3) (91 S. E. 109): "In answer to the third question propounded by the Court of Appeals, it was not reversible error, on the trial of one under an indictment charging him with the commission of the crime of seduction by 'persuasion and promises of marriage only,' for the court to give the jury the full definition of the crime of seduction as contained in the Penal Code, § 378, including the accomplishment of that crime, not only by 'persuasion and promises of marriage,' but also by 'other false and fraudulent means,' where the court subsequently instructed the jury, without specially retracting or explaining anything contained in the above instruction, in effect that the State relied for conviction upon proof of persuasion and promises of marriage." We think it is deducible from the foregoing decisions, as well as from well-recognized rules of criminal jurisprudence, that the trial should not be broader than the indictment, and that where the seduction is charged "by persuasion and promises of marriage" only, the court should not even read to the jury that portion of section 378 which contains the words "or other false and fraudulent means," without somewhere ap-

prising them of the fact that the State relied for conviction upon proof of persuasion and promises of marriage only.

While the court charged more than once upon seduction by persuasion and promises of marriage without using the phrase "or other false and fraudulent means," yet nowhere in the charge did he instruct the jury that the State relied for conviction upon proof of persuasion and promises of marriage. Where, as in the case at bar, the court not only charged said code section fully, but repeatedly instructed the jury so as to indicate that the defendant was being tried for seduction by "other false and fraudulent means," as well as "by persuasion and promises of marriage," without anywhere charging in effect that the State relied for conviction upon proof of persuasion and promises of marriage only, we can not say that the jury was not confused or misled by the court's instructions. A new trial is awarded solely upon the grounds discussed.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*