23221. WEBB *v.* THE STATE.

DECIDED JULY 6, 1933.

*Parham & Simpson,* for plaintiff in error.
*Clifford Pratt, solicitor-general, Pemberton Cooley,* contra.

BROYLES, C. J. The defendant was charged with and convicted of seduction "by persuasion and promises of marriage;" his motion for a new trial was overruled; and on this judgment he assigns error.

1. The 4th ground of the motion for a new trial (first special ground) quotes an excerpt from the charge of the court in reference to seduction by promises of marriage or by any other false and fraudulent means that might have been used in connection with the promise of marriage, and alleges that the same was error

"because it was confusing and misleading to the jury, and left in the minds of the jury the idea that the defendant was guilty if the prosecutrix yielded because of promise of marriage made under circumstances of deceit, or the use of other false and fraudulent means in connection with the promise of marriage, whereas the indictment charged the defendant with seduction by persuasion and promise of marriage only." Counsel for the plaintiff in error, in support of their contention, rely upon the case of *Joiner* v. *State*, 37 *Ga. App.* 487 (140 S. E. 799). The facts of that case differentiate it from the instant case. In that case the trial judge "*repeatedly* instructed the jury so as to *indicate* that the defendant was being tried for seduction by 'other false and fraudulent means,' as well as 'by persuasion and promises of marriage,' without anywhere charging in effect that the State relied for a conviction upon proof of persuasion and promises of marriage only." (Italics ours.) In the instant case the trial judge did not so charge as to indicate that the defendant was being tried for seduction accomplished by "other false and fraudulent means," nor did he *repeatedly* charge the jury to that effect, nor did he fail to charge in effect that the instant case was based on seduction by persuasion and promises of marriage only. On the contrary, the judge in his charge repeatedly referred to seduction by "persuasion and promise of marriage," as alleged in the indictment, and charged the jury: "If you believe from the evidence that there was a promise of marriage made, brought about by persuasion during a course of wooing of the girl's heart by the man, it is not essential to make out the case that there should be a time fixed for the marriage, but a promise of marriage, brought about under such circumstances and relied upon in good faith, by the man would be sufficient, although no definite time was fixed for marriage between them, . . and that the consent to have sexual intercourse was obtained without other persuasions than that which is implied in the light of courtship and the relation between the parties at the time of the act in proposing the intercourse and repeating the promise of marriage. . . So that is a question for you to determine *in this case,* in the trial of one *charged with seduction alleged to have been accomplished by persuasion and promises of marriage* . . " (Italics ours.) And the court charged them further that they must decide "whether

she was really seduced *by persuasion and promises of marriage,* or yielded her virtue on account of lustful desires, . . and in any instance they [the jury] are to decide whether she yielded to the accused, not because of *persuasion and promises of marriage,* but because of the lustful desire on the part of the woman." (Italics ours.) Clearly, the effect of this subsequent charge, as well as the charge as a whole, was to indicate to the jury that the defendant was charged with seduction accomplished by persuasion and promises of marriage only.

In *Thomas* v. *State,* 19 *Ga. App.* 104 (5) (91 S. E. 247), this court held: "It was not reversible error, on the trial of one under an indictment charging him with the commission of the crime of seduction 'by persuasion and promises of marriage only,' for the court to give the jury the full definition of the crime of seduction as contained in the Penal Code, § 378, including the accomplishment of that crime not only by 'persuasion and promises of marriage,' but also by 'other false and fraudulent means,' where the court subsequently instructed the jury, without specially retracting or explaining anything contained in the above instruction, in effect that the State relied for conviction upon proof of persuasion and promises of marriage; and where the jury were so restricted to the evidence relating to 'persuasion and promises of marriage' only, it was not error to omit any instruction as to what would constitute the 'other false and fraudulent means' by which the crime could be accomplished. *Thomas* v. *State,* 146 *Ga.* 346 (91 S. E. 109)." See also *Woolen* v. *State,* 23 *Ga. App.* 768 (6) (99 S. E. 316); *Kiser* v. *State,* 41 *Ga. App.* 568 (2) (153 S. E. 620). In the present case the State introduced no evidence as to other false and fraudulent means, but relied on proof of the crime by persuasion and promises of marriage only; and it is not probable that the jury were misled by the charge complained of or that the defendant was hurt thereby. This ground furnishes no cause for a new trial. *Dolvin* v. *American Harrow Co.,* 131 *Ga.* 300 (10) (62 S. E. 198).

2. "The court did not err in not defining the offense of fornication. The instruction to the effect that if the jury believed that the defendant and the prosecuting witness had sexual intercourse not induced by such persuasion and promises of marriage as would constitute the offense of seduction, the jury might in-

quire if the defendant was guilty of fornication, was sufficient." *Morris* v. *State*, 14 *Ga. App.* 395 (2) (81 S. E. 257); *Hembree* v. *State*, 17 *Ga. App.* 117 (2) (86 S. E. 286). Under this ruling there is no merit in the fifth special ground.

3. The court having charged the jury that they should determine the guilt or innocence of the accused "from the testimony of the witnesses, together with the documentary evidence in the case, and together with the defendant's statement," and there being no appropriate written request to charge that the indictment was not evidence, and the indictment not being introduced in evidence, the failure of the court so to charge, as alleged in the sixth special ground of the motion, was not error.

4. The seventh special ground of the motion is determined adversely to the plaintiff in error under the ruling in *Brantley* v. *State*, 133 *Ga.* 264 (65 S. E. 426), as applied to the facts of this case.

5. There is no merit in the eighth special ground, which complains of the court's definition of the crime of seduction.

6. The court correctly instructed the jury as to the credit they might give to the defendant's statement, and also as to a reasonable doubt, and the degree of proof necessary to authorize a conviction. This ruling disposes of the ninth, tenth, and eleventh special grounds of the motion.

7. There being some slight evidence to authorize the alleged inflammatory remarks of State's counsel in his argument to the jury, of which complaint is made in the twelfth special ground of the motion, and the ground not showing that a motion for a mistrial was made before the verdict was rendered, and the judge, in his order approving the special grounds of the motion for new trial, having attached thereto a note that "as to the 12th amended ground the court instructed the jury not to consider such remark by counsel," this ground does not require a reversal of the judgment. *Brooks* v. *State*, 134 *Ga.* 784 (2) (68 S. E. 504).

The evidence authorized the verdict, no reversible error of law is shown, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*