24683.   BARTON *v.* THE STATE.

■■■■■■■■■■■■

DECIDED APRIL 24, 1935.

■■■■■■■■■■■■

*J. G. B. Erwin, Maddox, Mallhews & Owens,* for plaintiff in
error.

*John C. Mitchell, solicitor-general,* contra.

BROYLES, C. J.   The accused was charged in the indictment with
seducing, "by persuasion and promises of marriage," a certain
named female.   He was convicted, and in his motion for a new
trial assigns error upon the following excerpts from the charge of
the court:   "I give you in charge section 378 of the Penal Code of
this State [section 26-6001 of the Code of 1933] :  'If any person
shall, by persuasion or promises of marriage or other false and
fraudulent means, seduce a virtuous, unmarried female, and in-
duce her to yield to his lustful embraces and allow him to have
carnal knowledge of her, he shall be punished by imprisonment and
labor in the penitentiary for not less than two nor longer than
twenty years.'   As to whether or not the elements given you un-
der code-section 378, which I read in your hearing, were present,
and as to whether or not this defendant is guilty, is a question for
you to determine."   The court did not read the indictment to the
jury, but merely charged them in that connection as follows:
"This defendant is charged in this bill of indictment with the of-
fense of seduction, it being charged that he seduced one Edna
Hughes, who was then and there a virtuous, unmarried female, and
did then and there induce her to yield to his lustful embraces, and
allow him to have carnal knowledge of her, he being then and there

a single man, contrary to the laws of said State, the good order, peace and dignity thereof." Nowhere in the charge did the court, either directly or in effect, inform the jury that the accused was charged with seduction "by persuasion and promises of marriage," or that the State relied for a conviction upon proof of seduction by persuasion and promises of marriage. In view of these omissions in the charge, and the foregoing excerpts from the charge, and the further fact that a portion of the evidence for the State tended to show that the accused had used "other false and fraudulent means" to accomplish the seduction charged, and the evidence not demanding a finding that the accused had seduced the woman by persuasion and promises of marriage, this court can not hold that the court's instructions complained of were not erroneous and prejudicial to the defendant's cause, since they may have misled the jury into believing that the defendant could be adjudged guilty of seduction if the woman yielded to him because of his employment of "other false and fraudulent means," even if she did not yield because of persuasion and promises of marriage. See, in this connection, *Joiner* v. *State,* 37 *Ga. App:* 487 (140 S. E. 799). The cases cited in the brief of the solicitor-general are differentiated by their facts from the instant case. The court erred in refusing to grant a new trial.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*