## 25772. EICHWURTZLE v. THE STATE.

MacINTYRE, J. 1. "Intercourse brought about by promise of marriage only, with no aid from persuasion or other false and fraudulent means, will not constitute the offense of seduction, the statutory words being, 'If any person shall by persuasion and promises of marriage, or other false and fraudulent means, seduce a virtuous unmarried female,' etc." *O'Neill* v. *State*, 85 *Ga.* 383 (11 S. E. 856).

2. "Where consent to criminal intercourse is a part of the original betrothal, and is procured solely by the undertaking to marry, the transaction may be mere coarse and corrupt traffic." *Wilson* v. *State*, 58 *Ga.* 329, 330.

3. Where the woman yielded her virtue because of lustful desires, and was not really seduced, there is no seduction.

4. In this case the State relies on "persuasion and promise of marriage" as stated in the Code, § 26-6001, and must prove both.

5. But to make love to a sixteen-year-old girl, woo her, make honorable proposals of marriage, have them accepted, and afterward, pending the virtuous engagement, procure her consent in consequence of a repetition of a promise to marry, the girl yielding in reliance upon the plighted faith of her lover, and he intending that she shall trust and be deceived, is to employ persuasion as well as promises of marriage. *Wilson* v. *State*, supra.

6. "'Persuasion and promise of marriage' as means of seduction, may be satisfied by courtship or wooing, resulting in an engagement to marry, and by the successful use of that engagement, on the part of the suitor, to accomplish the ruin of a virtuous and confiding woman." *Wilson* v. *State*, supra.

7. The defendant admitted the intercourse (from March, 1933, to sometime in 1934), but insisted that he told the girl he was married but separated from his wife. The girl denied this, and her testimony was corroborated by that of other witnesses. She testified that she entered into the engagement to marry the defendant, with its ensuing consequences, believing him to be a single man, which he represented himself to be. Thus an issue of fact was presented, and the jury resolved it in favor of the State.

8. "The evidence authorized the jury to find 'that the female yielded to the defendant's solicitation for sexual intercourse by reason of persuasion and a pending engagement to marry her and a repetition of the promise of marriage.'" *Maness* v. *State*, 50 *Ga. App.* 112 (176 S. E. 903).

9. The evidence supported the verdict; and the discretion of the judge in overruling the motion for new trial will not be disturbed.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*

DECIDED SEPTEMBER 11, 1936.

*Graham & Mobley*, for plaintiff in error.

*John A. Boykin*, solicitor-general, *J. W. LeCraw, Q. O. Arnold*, contra.