*William B. Kent & Son,* for plaintiffs.
*Newt Gaskins,* for defendant.

## 26345. ALLEN v. THE STATE.

DECIDED SEPTEMBER 15, 1937. REHEARING DENIED OCTOBER 28, 1937.

*J. R. Whitaker, W. A. Ingram,* for plaintiff in error.

*J. H. Paschall, solicitor-general,* contra.

Broyles, C. J. 1. "'Intercourse brought about by promise of marriage only, with no aid from *persuasion* [italics ours] or other false and fraudulent means, will not constitute the offense of seduction.' *O'Neill* v. *State,* 85 *Ga.* 408 (11 S. E. 857). But 'a promise of marriage which a woman believes to be made in good faith, and made as a climax to a long course of wooing, when the man has fully captured the heart of the woman, and she hearkens to the voice of love and yields to her lover because she trusts him, implies persuasion of the strongest character.' *Woodard* v. *State,* 5 *Ga. App.* 451 (63 S. E. 575)." *Durrence* v. *State,* 20 *Ga. App.* 192 (92 S. E. 262).

2. "Under the law in Georgia a woman is a virtuous female if her body be pure; and if she has never had sexual intercourse with another, he who first has sexual intercourse with her may be guilty of seduction though both her mind and heart be impure, and though 'other parties might have taken liberties with her such as hugging and kissing.'" *Hays* v. *State,* 16 *Ga. App.* 20 (7) (84 S. E. 497). See also *Keller* v. *State,* 102 *Ga.* 506 (8) (31 S. E. 92); *Washington* v. *State,* 124 *Ga.* 423 (3) (52 S. E. 910).

3. "In the trial of one charged with seduction, alleged to have been accomplished by persuasion and promises of marriage, it is not essential to a conviction that the evidence should disclose that there was a definite time fixed for the marriage to take place. . . While it was ruled in [*Cherry* v. *State,* 112 *Ga.* 871, 38 S. E. 341] that where there was an agreement between the parties that they should marry at a fixed time in the future, and the woman, reposing full confidence in the man, yields to his lustful embraces, he would be guilty of the crime of seduction, there was nothing in that case which authorized the conclusion that the crime could not be committed unless there was a definite time fixed for the marriage. In that case the time was fixed, and it was so stated; but this was not essential to a conviction in that case, nor is it essential in any case to the completion of the crime of seduction. The

case is made out if the ruin of the woman is accomplished by persuasion and promises of marriage, even though no definite time in the future may have been agreed on for the marriage to take place." *Jinks* v. *State*, 114 *Ga.* 430, 433 (40 S. E. 320)..

4. The defendant in the instant case was charged with seducing the prosecutrix by persuasion and promises of marriage. On the trial, although the prosecutrix, an eighteen-year-old girl, on cross-examination by the defendant's counsel, evidently became confused in some particulars and made certain admissions which militated against her, the jury were authorized, from her testimony as a whole and the other evidence in the case, to find that the defendant had seduced her by persuasion and promises of marriage, and that at the time she was. a virtuous, unmarried female. The judge having approved the verdict, and none of the special assignments of error showing cause for a new trial, this court is without authority to interfere.

*Judgment affirmed. MacIntyre, J., concurs. Guerry, J., dissents.*

GUERRY, J., dissenting. The girl alleged to have been seduced was eighteen years old at the time of the trial. The defendant was nineteen. The indictment fixed the date of the offense as June 20, 1935. The testimony of the prosecutrix is very vague as to the time of any engagement to marry. She testified: "I don't remember the first time he ever asked me to marry him. I never did tell him I would or I wouldn't. I never did say. We finally became engaged. Once he said we would be married in August, but when August came he put it off until the first of the year. Dillard [the defendant] finally had sexual intercourse with me." Her testimony is equally vague as to whether the intercourse was the result of the engagement to marry. She testified: "On July 16, 1934, was the first intercourse. . . The first day Dillard said anything about having sexual intercourse with me was July 16, 1934. The first time we did it, we had been at it practically a year before I got pregnant. At any time and any where he desired, just any time he got ready. I enjoyed it as much as he did. I did it because I liked it, and for no other purpose on earth. . . I guess the only reason I had sexual intercourse with this boy at all was because I enjoyed it. . . The way he got me to accomplish this act with him was he said if anything happened he would take care of me. That is all he said or promised."

In view of these positive statements by the prosecutrix, although they were made on cross-examination, I am unwilling to say that her testimony as a whole authorized the jury to find that the defendant had seduced her by persuasion and promises of marriage. Therefore I am unwilling to concur in an affirmance of the judgment.