27214. STUDDARD *v.* THE STATE.

348

DECIDED JANUARY 19, 1939.

*E. W. Roberts,* for plaintiff in error.

*Henry H. West, solicitor-general, Roberts & Roberts,* contra.

MacINTYRE, J. ■ The prosecutrix testified in part as follows: "I met him [Lester Studdard, the defendant] in February of 1935. I started going with him in February, 1935, and he came to see me almost every Saturday night, say up until about June, with the exception of two or three Saturday nights. He was going with me regularly. On September 15th [1935], we became engaged to marry. We didn't set any date, we just said sometime soon; I don't recall the words that he used when we became engaged, he just said we would be married sometime soon. On September 15th, 1935, I went with him to Browning Shoals in this county, and had sexual intercourse with him [the first time] there because I was engaged to be married to him. I relied on his promise to marry me was the reason I did this. . . I had intercourse with him and he promised marriage. He said we would be engaged to marry sometime soon. I don't remember just the words. Well, yes, he did ask me if I loved him. . . Lester [the defendant] said 'We are going to be married soon.' Then he persuaded me. I believed his word, and after then I just gave up. After I was engaged to be

married I believed what he said. . . He told me that he loved me . . he told me we were engaged and I believed his word. . ." She further testified, in substance, that at the time of the intercourse he put his arm around her; that *she objected at first* and after she became engaged she made no further resistance. The defendant in the instant case was charged in the indictment with seducing the prosecutrix by "persuasion and promises of marriage" only.

■ If the jury found that the defendant made love to a virtuous, unmarried woman, wooed her, made honorable proposals of marriage and had them accepted, and, after a solemn promise of marriage, which the woman believed to be in good faith, she harkened to the voice of love and yielded to her lover because she trusted him, and he made successful use of that engagement to accomplish the ruin of the virtuous, confiding woman, the jury would be authorized to convict for seduction. *Adams* v. *State,* 50 *Ga. App.* 507 (179 S. E. 223); *Durrence* v. *State,* 20 *Ga. App.* 192 (92 S. E. 962).

■ However, if the jury had found that the consent to the criminal intercourse was a part of the original betrothal; that it was procured solely upon an undertaking to marry; and that the transaction amounted to a mere coarse and lustful traffic, the jury should not have convicted. *Eichwurtzle* v. *State,* 54 *Ga. App.* 205 (187 S. E. 606); *Clark* v. *State,* 52 *Ga. App.* 61, 63 (182 S. E. 195); *Jones* v. *State,* 90 *Ga.* 616 (16 S. E. 380).

■ The jury having resolved these issues of fact in favor of the State, and the trial judge having approved these findings, we do not think we are authorized to upset the verdict on the general grounds.

■ The evidence in the instant case related to persuasions and promises of marriage only. The court charged the jury that the indictment alleged that the defendant "did unlawfully, with force and arms, by persuasion and promises of marriage seduce one [the person alleged to have been seduced]," then charged that the defendant pleaded not guilty, that this was the issue that the jury was impaneled to try, then charged that the defendant was presumed to be innocent, then stated that "now our Code says," and then gave the full definition of the crime of seduction as contained in Code, § 26-6001, including the accomplishment of that crime,

not only by "persuasion and promises of marriage" but also by "other false and fraudulent means." Neither before nor after reading the definition of seduction, as contained in the Code, § 26-6001, were "other false and fraudulent means" mentioned, but the court explained to the jury what was necessary in order to prove "promises of marriage and other persuasions," the two elements of the offense of seduction alleged in the indictment. The court finally charged ["So take the case, gentlemen, and apply the rules which I have given you to the evidence in the case, and if you believe that this defendant is guilty of the offense of seduction as charged, that by promises of marriage and other persuasion, he induced her to yield fraudulently as I have explained it to you, if you believe that beyond a reasonable doubt then you would be author-ized in convicting him. . ." ] Subsequently to the reading of the definition of seduction as contained in the said Code, § 26-6001, the court, without specially retracting or explaining anything contained in the above instruction, charged the jury, in effect, that the State relied for conviction upon proof of persuasions and promises of marriage. The court did not commit reversible error in its charge because in reading the Code section defining seduction it did not eliminate the words "other false and fraudulent means." *Thomas* v. *State,* 146 *Ga.* 346 (91 S. E. 109) ; *Collins* v. *State,* 54 *Ga. App.* 246 (2) (187 S. E. 621). We have read the charge in the original record in the *Thomas* case, supra, which was affirmed, and the charge in the instant case is more restrictive in its effect than was the charge in the *Thomas* case in conveying to the minds of the jury the idea that the State relied for conviction on proof of persuasion and promises of marriage. The charge in the instant case does not come within the rule laid down in *Barton* v. *State,* 51 *Ga. App.* 178 (179 S. E. 750). On the contrary, it comes within the rule stated in the *Thomas* case, supra. The defendant specially objects to that part of the charge enclosed in brackets above on the ground that the bill of indictment charges "seduction by persuasion and promises of marriage and nowhere is it alleged in said indictment that the same was fraudulently, but the court charged the jury to this effect." The charge in brackets here excepted to was in effect saying that if the defendant fraudulently induced the woman to yield, the only facts which the State contended constituted such fraudulent means which caused her to yield (and,

by inference, by no other false and fraudulent means) were "the promises of marriage and other persuasions."

■ " 'In the trial of one charged with seduction, alleged to have been accomplished by persuasion and promises of marriage, it is not essential to a conviction that the evidence should disclose that there was a definite time fixed for the marriage to take place. . .' *Jinks* v. *State,* 114 *Ga.* 430, 433 (40 S. E. 320)." *Allen* v. *State,* 56 *Ga. App.* 584 (3) (193 S. E. 360). While it is not an essential element, yet the failure to fix a definite date for the marriage might be considered along with the other circumstances of the case to determine whether or not the original betrothal was in the nature of a mere coarse traffic.

■ The ruling announced in headnote 7 does not require any elaboration.

*Judgment-affirmed. Broyles, C. J., and Guerry, J., concur.*