30299.   HERRIN *v.* THE STATE.

DECIDED JANUARY 6, 1944.

*Sam Kimzey, J. Herbert Griggs,* for plaintiff in error.

*G. Fred Kelley,* solicitor-general, *John E. Frankum, John L. Perkins,* contra.

GARDNER, J. It is earnestly contended by able counsel for the plaintiff in error that the evidence for the State merely shows a meretricious, corrupt transaction on the part of the prosecutrix. Counsel quote certain portions of the evidence which, if such were all the evidence, would justify their learned, eloquent, and persuasive argument. For this reason, and in order to get all of the evidence on which to base our decision of the case, we have set forth in full the testimony of the prosecutrix. This court held in *Adams* v. *State,* 58 *Ga. App.* 632 (199 S. E. 542) : "Whether or not the prosecutrix yielded to the defendant by reason of 'persuasion and promises of marriage' resolved itself, under the evidence, into a question of fact for the jury, and this court is not authorized to upset their verdict finding the defendant guilty." While it is true the engagement of marriage in *Adams* v. *State,* supra, under the evidence, was made three months before the alleged seduction, and the engagement according to the prosecutrix, was one week before the alleged seduction in the instant case, we do not think, under the facts of this case, that the difference in time between the promise of marriage and the seduction would change the principle that it was a jury question. We know of no ruling to this effect.

It will be noticed from the testimony of the prosecutrix that she had "been going with" the defendant for six years and that she had become engaged to him some time near a week before the alleged seduction. She further testified that he repeated his promises of marriage and begged her to yield to him and that she yielded because of the promises of marriage and his begging and persuading. In *Woodard* v. *State,* 5 *Ga. App.* 447 (5) (63 S. E. 573), this court held: "To accomplish sexual intercourse with a virtuous woman, pending a virtuous engagement to marry her, may be seduction, though consent be obtained without other persuasion than that which is implied (considering the past courtship and the present relations of the parties) in proposing the intercourse and repeating the promise of marriage." Also, in *Collins* v. *State,* 54 *Ga. App.* 246 (187 S. E. 621), this court said: "The elements

necessary to constitute the offense of seduction are sufficiently 'satisfied by courtship or wooing resulting in an engagement to marry, and by the successful use of that engagement, on the part of the suitor, to accomplish the ruin of a virtuous and confiding woman." In *Durrence* v. *State*, 20 *Ga. App.* 192 (92 S. E. 962), this court ruled: "The prosecutrix testified that she and the accused were 'engaged to marry' when he first had sexual intercourse with her, and had been engaged for some time before it occurred, and that she yielded to him because she 'loved him and he promised to marry' her. There being, according to this testimony, a bona fide existing and virtuous engagement to marry, the jury were authorized to infer that the illicit intercourse was not a purely meretricious transaction, notwithstanding the further testimony of the prosecutrix that, 'He told me he would marry me if I got into any trouble, and that he loved me, and I told him that I loved him,' and 'I agreed to it because I loved him and thought he loved me, and because he said if he got me a baby that he would marry me, and-that is why I let him do it.' 'To accomplish sexual intercourse with a virtuous woman, pending a virtuous engagement to marry her, may be seduction, though consent be obtained without other persuasion than that which is implied (considering the past courtship and the present relation of the parties) in proposing the intercourse and repeating the promise of marriage.'" Note that *O'Neill* v. *State,* 85 *Ga.* 383 (11 S. E. 856), is distinguished from the case then under consideration. The same distinction is equally as apparent in the case at bar. See *Studdard* v. *State,* 59 *Ga. App.* 347 (200 S. E. 816).

Under the facts as stated and the authorities above cited, we are convinced that the verdict is warranted by the evidence. This is true notwithstanding the following authorities cited and argued by the defendant: *Disharoon* v. *State,* 95 *Ga.* 351 (22 S. E. 698); *Eichwurtzle* v. *State,* 54 *Ga. App.* 205 (187 S. E. 606).

The court did not err in overruling the motion for a new trial.
*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*