### 45330. McGREGOR v. THE STATE.

PER CURIAM. Defendant pharmacist appeals from two convictions for violation of the Uniform Narcotic Drug Act and of the Georgia Drug Abuse Control Act by selling prohibited drugs without a prescription.

This is the second trial of this case. The first convictions were reversed in 119 Ga. App. 40 for the failure of the court to charge the law relative to reducible felonies.

The evidence showed that two men, Buckins and King, were being watched by an Alapaha policeman on the day in question. They went to defendant's house, waited outside until he returned, went indoors with him and stayed about 45 minutes. In the meantime, the policeman was joined in his surveillance by the Berrien County Sheriff who in turn enlisted the aid of the State Police to arrest the two men after they left defendant's house. King was carrying four bottles of pills or capsules. These were later taken to the State Crime Laboratory for analysis and identified as morphine, pentobarbital and amphetamines.

Several days after their arrest, the two men made statements implicating defendant. At the trial, Buckins testified that defendant sold him the drugs, that he had no prescription for them, that he paid defendant $30 and that he gave them to King to carry. King testified that he reveived the bottles from Buckins and that he had heard snatches of a conversation between Buckins and defendant concerning a $30 payment. Both men said they also transacted some business dealing with the purchase of a car from defendant.

Defendant offered evidence of good reputation and made an unsworn statement denying the charges and insisting that the only business he had with Buckins and King concerned the

auto sale. The jury found defendant guilty of both counts and recommended total fines of $2,000 and total sentences of 3 years.

1. The evidence supports the verdict.

2. Defendant contends the court erred in refusing to strike the testimony of the Crime Lab toxicologist (testimony which identified the contents of the bottles as prohibited drugs) since some person other than this witness did the actual physical manipulation of the substances during analysis. This contention is without merit as the witness also testified that he was present and observing throughout the tests and was in fact supervising the work of the other person who was an employee of the Crime Lab.

3. Defendant enumerates as error the court's charge on *Code Ann.* § 79A-907(a) as being misleading and confusing. While the charge is perhaps difficult to follow and may contain a stenographic error, it approaches the substance of the Code section for which defendant was indicted. But defendant also enumerates the charge on *Code Ann.* § 79A-806 (which deals solely with manufacturing and wholesaling of narcotics) and the failure to charge or explain the proper section of the Uniform Narcotic Drug Act under which defendant *was* indicted. As defendant was not indicted for violation of *Code Ann.* § 79A-806 nor was any evidence of such violation presented at the trial, we cannot say as a matter of law that the jury was not misled or confused by this improper charge. *McGruder v. State,* 213 Ga. 259 (2) (98 SE2d 564); *Joiner v. State,* 37 Ga. App. 487 (140 SE 799); *Barton v. State,* 51 Ga. App. 178 (179 SE 750).

4. All other enumerations of error are either without merit or are unlikely to arise at another trial.

*Judgment reversed as to Counts 1 and 2. Bell, C. J., Jordan, P. J., Pannell, Deen, Quillian and Evans, JJ., concur. Hall, P. J., and Eberhardt, J., dissent. Whitman, J., not participating.*

ARGUED MAY 6, 1970—DECIDED JULY 30, 1970.

*Knight & Perry, W. Emory Walters, J. Laddie Boatright,* for appellant.

HALL, Presiding Judge, dissenting. This case has already been tried twice by a jury with a verdict of guilty on both occasions. In 1969 this court reversed the first conviction on the ground that the charge was in error in failing to instruct the jury that they might recommend punishment as for a misdemeanor. I regret that we must now reverse the judgment on one count of the indictment because of the error found in the court's charge as to Count 1. *Campbell v. State,* 106 Ga. App. 588 (2) (127 SE2d 698). This is based upon a technical legal fiction that any error in the charge is presumed to have misled the jury. However, I dissent from the holding that we must also reverse the judgment of conviction on Count 2 of the indictment. The trial judge separated his charges on these counts. There is no error in the latter charge. To pile one technical legal fiction upon another and hold that it is presumed that the error in the charge as to Count 1 also misled the jury as to the charge on Count 2 is unsupported by reason or precedent.

One need not be a student of psychology to realize that the court's charge on the intricacies of the Uniform Narcotic Drug Act and the Georgia Drug Abuse Control Act had very little influence on the jury's action. The evidence of guilt was strong and any average juror knows that the sale of these drugs without a prescription is illegal.

While both the Georgia and United States Constitutions guarantee every person accused of a crime a "fair" trial, they do not guarantee one a "perfect" trial. As Justice Holmes said: "No one can think it desirable that criminals should escape through technicalities which are useless as safeguards to liberty, and only serve to make conviction more a matter of chance." Holmes: Uncollected Letters, III. We should always remember the cautionary advice of Justice Cardozo: "There is danger that the criminal law will be brought into contempt . . . if gossamer possibilities of prejudice to a defendant are to nullify a sentence . . . and set the guilty free." Snyder v. Massachusetts, 291 U. S. 97, 122 (54 SC 330, 78 LE 674, 90 ALR 575).

I would affirm the judgment as to the conviction on Count 2 of the indictment.

I am authorized to state that Judge Eberhardt concurs in this dissent.