CLAY v. MACON AND BIRMINGHAM RAILROAD COMPANY.

LEWIS, J.  There being some testimony which might have warranted the jury in finding that the plaintiff's husband, while upon the track of the defendant in front of an approaching train, was, either from intoxication or other cause, incapable for the time being of taking the proper care for his own safety, and that the company's servants in charge of the train, being aware of these facts in time to stop it before it struck and killed him, failed to exercise due diligence in this respect, the case should have been submitted to the jury, and the court erred in granting a nonsuit.

*Judgment reversed. All the Justices concurring, except Fish, J., absent.*

Argued April 30, — Decided May 16, 1900.

Action for damages.  Before Judge Harris.  Troup superior court.  November term, 1899.

*J. H. Pitman, Frank Harwell,* and *Hatton Lovejoy,* for plaintiff.
*Longley & Longley* and *L. F. Garrard,* for defendant.

---

PLUMMER v. THE STATE.

SIMMONS, C. J.  1. Where a grand jury had under investigation a criminal charge, and a witness swore to a certain state of facts material to the issue and the same witness afterward, upon the trial of the issue on the indictment found by the grand jury, swore to a different and contrary state of facts concerning the same issue, and that his testimony before the grand jury was false, assigning as the reason for his false testimony before the grand jury that he was at that time a friend of the accused but was at the time of the trial at enmity with him, it was error for the court to fail to charge the jury that if a witness willfully and knowingly swear falsely as to a material matter, his testimony ought to be disregarded entirely unless corroborated by circumstances or other unimpeached evidence.  Civil Code, § 5295; *Stafford* v. *State,* 55 *Ga.* 591; *Skipper* v. *State,* 59 *Ga.* 63, and cases cited.
2. As there was in this case no corroboration of this witness, it was error for the court to charge that if the witness had been impeached and restored to the confidence of the jury, they should believe him in preference to the impeaching evidence.

*Judgment reversed. All the Justices concurring, except Fish, J., absent.*

Argued May 21, — Decided June 4, 1900.

Petition for certiorari.  Before Judge Hart.  Laurens superior court.  March 14, 1900.

*Howard & Armistead, James B. Hicks,* and *James K. Hines,* for plaintiff in error.  *H. G. Lewis, solicitor-general,* contra.