## CHERRY *v.* THE STATE.

1. If a single woman allowed an unmarried man to have sexual intercourse with her solely because of a promise by him to marry her in the event she became pregnant, it was purely a meretricious transaction, and not a case of seduction; but if an engagement to marry at a designated time in the future already existed between a marriageable man and woman, and she, on the faith thereof and because of the fact that he had won her affection and confidence, and under the influence of persuasion and entreaties, accompanied by a promise to immediately consummate the marriage in the event of pregnancy, submitted to his lustful embraces, it was a case of seduction.
2. The evidence as disclosed by the record was sufficient to authorize a finding bringing this case within the last clause of the preceding headnote ; and therefore the verdict of guilty was not unwarranted.

Argued February 18, — Decided March 1, 1901.

Indictment for seduction. Before Judge Littlejohn. Stewart superior court. January 28, 1901.

*J. M. duPree* and *B. F. Harrell & Son*, for plaintiff in error.
*F. A. Hooper, solicitor-general,* contra.

Lewis, J.   In the superior court of Stewart county Arthur Cherry was convicted of seduction. He brings the case to this court, assigning error upon the refusal of the court below to grant his motion for a new trial.

1. It appeared upon the trial that for some time prior to the alleged seduction the accused and the prosecutrix had been engaged to be married. The evidence is to the effect that the woman resisted the importunities of the accused, but finally yielded to him upon his promise that he would hasten the marriage in the event she became pregnant.

Had there been no previous engagement to marry, the offense of seduction could not have been made out by proving that the prosecutrix yielded to the defendant under the influence of a promise to marry her in the event of her pregnancy. Where, however, as in the present case, there is an existing definite agreement between the parties that they shall be married at a fixed time in the future, and the woman, reposing full confidence in the man, yields to his lustful embraces, the latter is none the less guilty of seduction because it is shown that as an additional inducement he held out to the woman the promise to hasten the marriage if she should become pregnant by him.

2. The foregoing covers the only question presented by the record which we deem it necessary to consider. There was ample evidence to bring the case under the rule which we have laid down. The testimony for the defendant relating to the defense of alibi did not, at best, demonstrate the impossibility of his presence at the time of the commission of the crime; and there was no reason why the jury could not, under the principle here announced, legally find the accused guilty as charged in the indictment.

*Judgment affirmed. All concurring, except Simmons, C. J., absent.*