## 2218.   DOUGHERTY *v.* THE STATE.

Where newly discovered testimony is strictly cumulative and merely increases the weight of evidence, leaving still in doubt a material question at issue, a new trial will not be granted; but where it is of a direct and positive character as to the existence of a material fact which was, on the trial, attempted to be shown by circumstantial evidence alone, a new trial may be granted, where such newly discovered evidence, if the witness be credited, would remove the doubt upon the material point, and would probably produce a different result on the second trial.

Indictment for seduction; from Forsyth superior court—Judge Morris.   November 9, 1909.

Argued November 16,—Decided December 4, 1909.

*H. L. Patterson,* for plaintiff in error.

*J. P. Brooke, solicitor-general,* contra.

HILL, C. J.   Homer Dougherty was convicted of the crime of seduction; and he brings error to this court, challenging the correctness of the judgment of the lower court in overruling his motion for a new trial. The general grounds of his motion may be disposed of by the statement that while the evidence of his guilt depends entirely upon the testimony of the injured female, her testimony, if

credible (and this was a matter entirely for the jury), was sufficient, under the law applicable to the facts, to sustain the verdict against him. The special assignments of error contained in the amended motion for a new trial relate to excerpts from the charge of the court, and to newly discovered testimony. The first excerpt objected to is that in which the court defines the offense of seduction. This definition is in the language of this court in the case of *Woodward* v. *State,* 5 *Ga. App.* 447 (63 S. E. 573), and of the decisions of the Supreme Court in numerous cases. *Cherry* v. *State,* 112 *Ga.* 871 (38 S. E. 341); *Wilson* v. *State,* 58 *Ga.* 329; *O'Neill* v. *State,* 85 *Ga.* 408 (11 S. E. 856); *Keller* v. *State,* 102 *Ga.* 513 (31 S. E. 92); *Disharoon* v. *State,* 95 *Ga.* 351 (22 S. E. 698).

The second excerpt objected to is that the court in charging the jury incorrectly stated in one part of his charge that "persuasion or promise of marriage would be sufficient to authorize a verdict of guilty." The use of the disjunctive "or" instead of the conjunctive "and" is shown by the context of the charge to have been purely a lapsus, and could not possibly have misled the jury. The court in the charge repeatedly instructed the jury that it required both "persuasion and promise of marriage" to constitute the offense. This incorrect statement of the law, when considered in connection with the entire charge, is manifestly a mere verbal inaccuracy, and for this reason we do not think it of sufficient importance upon which to base a judgment of reversal. *Lyle* v. *State,* 69 *Ga.* 762; *Hagar* v. *State,* 71 *Ga.* 164; *Moses* v. *State,* 60 *Ga.* 139.

The third excerpt objected to is as to the form of the verdict. The court said: "There is one of three verdicts you can render in this case." It is insisted that this language conveys an intimation from the judge that in his opinion the evidence in the case was sufficient to authorize the jury to find the defendant guilty of the offense of seduction. We think the objection entirely without merit.

As to the ground of newly discovered testimony, we have made a careful and critical examination of the alleged newly discovered testimony, in connection with the evidence on the trial of the case, and we have reached the conclusion that the ends of justice demand another trial on this ground. As before stated, the guilt of the defendant rests solely on the uncorroborated testimony of the injured girl. She states that the defendant and herself lived on the same farm, and that when she was about fourteen years of age, he began

to pay her visits in the afternoons, when she was engaged in milking the cows in the cow-pen, a short distance from her home; that these visits continued for several months, the defendant making love to her, and that they finally became, to use her own language, "sweethearts;" that in about six months after the courtship began he asked her to marry him, and she consented to do so; that following this engagement he made repeated requests that she would consent to sexual intercourse, on each occasion repeating the promise of marriage; and that eventually, relying upon this promise, she was persuaded to yield to his request. She states that this intercourse between them continued for some months, and she became pregnant, and, having informed the defendant of the fact, he made several suggestions of a criminal operation, which she refused to adopt, and he ceased his visits, and for some months was absent from the neighborhood. · She further states that during the whole period of his courtship and engagement, he never visited her at her home or escorted her to any of the neighborhood parties, or to church, and that his entire visits and attentions were limited to the meetings at the cow-pen. While the statement is not entirely devoid of a suggestion of romance and sentiment between the milkmaid and the rustic lover, yet it must be conceded that it was very unusual in its limitations, and is not entirely free from circumstances of incredulity. The newly discovered testimony is contained in the affidavit of a young man in the neighborhood that previous to the time of the alleged seduction by the defendant, he had had sexual intercourse with the girl, and that she was therefore not a virtuous, unmarried female, and could not have been seduced. The credibility of this witness is vouched for by several citizens of the county, one of them being a man of high official standing. All the requirements of law are present which make the alleged testimony newly discovered. But it is insisted that the testimony is merely cumulative in its character. On the trial there was evidence introduced, wholly of a circumstantial nature, against the character of the female, but this evidence, when most strongly considered against her, is entirely consistent with her innocence of any criminal act. When the age of the girl is considered, and her station in life, this evidence only shows, in its last analysis, that she was imprudent in her conduct, but falls short of proving that she was immoral or unchaste, in the meaning of the law as to

what constitutes a virtuous female. In other words, we think that the jury would hardly have been authorized, under the circumstances proved in the case, to conclude that she was not a virtuous female at the time of her alleged seduction. But admitting that the question of her virtue, in the meaning of the law, was doubtful under the testimony on the trial, the newly discovered testimony would remove all doubt on that point; for the witness swore that he had had sexual intercourse with the girl before her alleged seduction by the defendant. While, therefore, the newly discovered testimony may relate to a material fact that was controverted on the trial, it is obvious that if the witness is to be credited, his testimony is of a very conclusive character; and if it is true a very great injustice has been done to the defendant. As a general rule, a new trial will not be granted on account of the discovery of facts and circumstances merely cumulative in their character; but, of course, this rule must be taken in its proper sense, and is not to be understood as precluding a new trial in every case where newly discovered testimony relates to a point contested on a former trial. Where the testimony on the trial was purely circumstantial, and the newly discovered testimony is of a direct and positive kind, from a credible witness, proving the essential fact in controversy, it would seem that the rule should not be strictly applied. There is a tendency to discredit circumstantial evidence, or at least to attach much less weight to that character of evidence than to positive and direct testimony; and it must be conceded that almost universally evidence of the latter character is given much more weight than evidence of the former character. Evidence, therefore, which is positive and direct as to the existence of a material fact is not in a strict sense cumulative of circumstantial evidence tending to show the existence of the same fact; for cumulative evidence is additional evidence to support the same point, and must be of the same quality or description as the evidence already produced. Evidence which merely tends to corroborate or strengthen evidence already introduced is cumulative, but evidence which removes all doubt upon a material point which was before doubtful is not in a legal sense cumulative, and such evidence will warrant the grant of another trial, as it shows that injustice has apparently been done and that on another trial a different result will probably follow. Even merely cumulative evidence, if it has the effect to render clear and

positive that which was before equivocal and uncertain, might justify a new trial. Anderson *v.* State, 43 Conn. 514 (21 Am. R. 669) ; Barker *v.* French, 18 Vt. 460 ; Clegg *v.* New York Newspaper Union, 51 Hun, 232 (4 N. Y. Supp. 280). While the rule that cumulative evidence will not ordinarily warrant the grant of a new trial is firmly established by the statute and decisions of this State, the writer ventures the opinion that the rule does not rest upon any just, logical, or solid foundation. One witness as to the existence of a fact might be believed, although many witnesses as to the existence of the same fact had been discredited by the jury; and where credible testimony has been discovered since the trial, a party should not be deprived of it because other witnesses who were not credible, or at least were not considered credible by the jury, had been introduced by him in the effort to prove the same fact.

For the reasons above stated we think the defendant is entitled to a new trial, on the ground of newly discovered evidence.

*Judgment reversed. Powell, J., concurs dubitante. Russell, J., dissents.*