## 2474. POUGH *v.* THE STATE.

1. The evidence authorized the verdict, and, as no error of law is complained of, there was no error in refusing a new trial.
2. The evidence of the prosecutrix is not naturally or reasonably subject to any other inference than that the female yielded to the solicitation for sexual intercourse by reason of persuasion, enforced by the existence of a pending engagement to marry her.

Indictment for seduction; from Spalding superior court— Judge Reagan. February 7, 1910.

Submitted March 22,—Decided April 6, 1910.

*Robert T. Daniel,* for plaintiff in error.

*J. W. Wise, solicitor-general,* contra.

RUSSELL, J. The contention of the learned counsel for the plaintiff in error is that the verdict of guilty is contrary to evidence and to law, because there was no evidence of any persuasion by reason of which the female was induced to yield to the lustful embraces of the seducer. He contends that this case is controlled by the rulings in *Disharoon* v. *State,* 95 *Ga.* 351, *Cherry* v. *State,* 112 *Ga.* 871, and *O'Neill* v. *State,* 85 *Ga.* 383, in each of which cases it was held that if a single woman allowed an unmarried man to have intercourse with her solely because of a promise by him to marry her, it would be merely a meretricious transaction; that in such cases the defendant would be guilty of fornication, but not of seduction. In the present case, if the evidence showed nothing more than that the female consented to intercourse in consideration of a promise of marriage, we would unhesitatingly hold that the prisoner should have been granted a new trial. We think, however, that this inference is not authorized, and, on the contrary, it is clear that the evidence of the prosecutrix authorizes the jury to infer that the consent of the female to intercourse was due to persuasion, rendered effective by reason of an engagement to marry, which had existed for two years before the defendant mentioned the subject of such an intercourse. While the prosecutrix does not seem either to have been asked or to have answered the ques-

tion as to whether her consent was influenced by her affection and natural confidence in her betrothed, still, as there was an existing engagement, and as the promise of marriage was repeated as an evidence of good faith, we can not say that the jury was not authorized to find, by reasonable deduction from the uncontradicted evidence of an engagement, that it was not the mere promise to marry, but more especially the love and confidence of the injured female, which induced her to yield her virtue.    The testimony of the prosecutrix is unusually brief for a case of this character; but after testifying that she was engaged to the defendant, and that he persuaded her to let him take liberties with her after they were engaged to be married, she says, "at the time he first had intercourse with me, he said he was going to marry me any way, and I would be his wife and it would be all right."    The social standing of the prosecutrix may be very humble, but she is only 17 years of age, and it is not necessary for the evidence to have been fuller to have authorized the inference, from the circumstances under which the statement of the seducer, that she would be his wife any way, was made, that the sexual intercourse was accomplished not so much because of the promise of marriage, but on account of the confidence which had been created by reason of the protestations of affection, antedating the engagement to marry.    The defendant, while stating that he had never had sexual intercourse with the girl, admitted that he had gone with her; and he was silent upon the subject of the engagement, neither expressly nor impliedly denying it.                                        *Judgment affirmed.*