### 3837.  SEABOARD AIR-LINE RAILWAY *v.* BLACKSHEAR.

RUSSELL, J.  1. The court did not err in overruling the general demurrer; and the amendments to the petition sufficiently complied with the defendant's demand for particular information. The petition amplified every illustrative circumstance pertaining to the occasion upon which the injury was said to have been committed, and charged that the defendant was negligent in so storing cars upon one of its side-tracks as to obstruct his view and prevent him from seeing an approaching train; that the defendant was negligent in that the train which caused the injury approached the public crossing too rapidly, and that there was no flagman or other employee stationed upon the train to keep a look-

out and give warning of its approach, and that no signal of its approach was given. It was alleged that the plaintiff was riding in a wagon owned and driven by another person, and, there being nothing to indicate that a train was approaching, they attempted to cross the railroad tracks, and had crossed the side-track and were just getting upon the main track when the occupants of the wagon saw the backing train approaching with great speed and within from six to ten feet of them; and that in this alleged emergency the plaintiff jumped from the wagon to save himself, and in the fall received the injuries described in the petition.

(a) While a railway company has generally the right to place and store cars upon its side-tracks, it is a jury question whether the storing of cars upon a particular side-track, under stated circumstances, is negligence as related to one whose injury may have been caused or contributed to by the improper or untimely placing of such cars. An instruction to the jury that "where a car is left on a side-track, whether that is negligence is a question for the jury, under all the circumstances of the case," was not error for the reason assigned,—that the defendant had the right to store on its side-track whatever cars it saw proper to place there.

2. The evidence authorized the instructions of the court upon the subject of contributory negligence.

3. The instructions requested were properly refused. A portion of the request was not adjusted to the evidence, and another portion was clearly objectionable because it would have been a statement of the court's opinion that certain facts therein referred to had been proved. A trial judge is not required to separate that which is good in a request from that which is bad, but if the request is in any respect defective he may refuse it as a whole.

4. The judge's statement, in his charge to the jury, that "backing cars across a crossing is especially dangerous," and that "it is negligence to back a train without proper lookout, lights, or other signals of warning," was such error as, under the mandatory provisions of § 4863 of the Civil Code (1910), requires the grant of a new trial; and upon this ground only the judgment refusing a new trial is reversed. The circumstances which may constitute negligence in a particular case are so peculiarly and exclusively for determination by the jury that a trial judge can not declare that the omission or commission of any act is, as a matter of law, negligence, unless it has been so expressly declared by law.                    *Judgment reversed.*

DECIDED SEPTEMBER 30, 1912.

Action for damages; from city court of Abbeville—Judge Nicholson. September 18, 1911.

*Thomas Eason, N. M. Patten,* for plaintiff in error.

*Hal Lawson,* contra.