## 14411.   BROWN *v.* THE STATE.

A conviction of seduction was authorized by the evidence.

The instructions to the jury as to deceit or false and fraudulent means in connection with a promise of marriage, or as to yielding to the alleged seducer on account of love or affection or other artifices, were not, when considered in connection with the remainder of the charge and in the light of the evidence, error requiring a new trial.

> DECIDED MAY 15, 1923.

Indictment for seduction; from Elbert superior court — Judge W. L. Hodges. February 23, 1923.

The instructions complained of were: "But if ·you find from the evidence that there was not only a promise of marriage, but this promise of marriage was under circumstances of persuasion and deceit or any false and fraudulent means that were used in connection with the promise of marriage, to make the woman in question depart from the path of virtue, and that she yielded to the alleged seducer on account of love or affection, or other artifices or means which were brought about to make her yield to him in connection with the promise of marriage, then, if the other facts necessary to make out the case have developed to your satisfaction, you would be authorized to find the defendant guilty of seduction." Exception to these instructions was taken on the grounds, that there was no evidence to authorize a charge upon deceit or false and fraudulent means, or as to yielding to the alleged seducer on account of love and affection or other artifices or means, etc., and that the indictment does not charge that the seduction was accomplished by "other false and fraudulent means."

*George C. Grogan, Howard B. Payne,* for plaintiff in error.

*A. S. Skelton, solicitor-general,* contra.

BLOODWORTH, J. 1. When the excerpt from the charge, of which complaint is made in the special ground of the motion for a new trial, is considered in connection with the remainder of the charge of the court and in the light of the evidence introduced, there is no error therein which would require the grant of a new trial.

2. The evidence in this case shows that the girl alleged to have been seduced was 17 years old, and was engaged to the defendant, but no date had been set for the marriage; that prior to the date of the alleged seduction the accused came to see the girl two or three times a week for several months; that he had asked and obtained the consent of her parents to his marriage to her, and that her clothes were made for the wedding. A part of her evidence was as follows: "He came to see me often. He made love to me and said that he loved me better than any other girl he had ever seen or any girl that he would see.' She testified that after they became engaged to marry and while she

was visiting her sister she had intercourse with him for the first time; that "this happened after supper. Howard [the accused] told me to come on, that we were going to marry. He wanted me to come on; that it wasn't going to hurt nothing; we were going to marry. I put belief in what he said. I thought he would do what he promised to do. I put confidence in him. That is the reason why I yielded to him and allowed him to have sexual intercourse with me." Under the ruling in *Durrence* v. *State*, 20 *Ga. App.* 192 (1) (92 S. E. 962), and cases cited in the opinion (p. 193), the verdict of seduction in this case was authorized by the evidence.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*