## 17888.    REAGAN *v.* THE STATE.

In the light of the evidence, and of the judge's charge as a whole, and the written requests to charge, the failure to charge the jury appropriately on the subject of impeachment requires another hearing of the case.

DECIDED APRIL 12, 1927.

Kidnapping; from Polk superior court—Judge Irwin.    December 31, 1926.

*Mundy & Watkins, M. B. Eubanks,* for plaintiff in error.

Criminal Law, 16 C. J. p. 1016, n. 85; p. 1067, n. 97; p. 1068, n. 3; p. 1069, n. 12; 17 C. J. p. 350, n. 7; p. 351, n. 41.
Kidnapping, 35 C. J. p. 911, n. 29.
Witnesses, 40 Cyc. p. 2593, n. 90.

*E. S. Griffith, solicitor-general, S. W. Ragsdale, solicitor-general, E. S. Ault,* contra.

LUKE, J. The defendant was convicted of kidnapping a minor child, and excepts to the overruling of his motion for a new trial. Even though the defendant may have been guilty of gross misconduct, the evidence showing his guilt of kidnapping is extremely weak. It is undisputed that the girl alleged to have been kidnapped was a graduate of a business college and had held three positions with business concerns; that the defendant, when he was alleged to have kidnapped her, took her to the home of her aunt and then to the home of her friend; that her father came up to the car in which she was alleged to have been kidnapped, and stopped, and, instead of embracing the opportunity to go with her father, she hid from him; and there is much evidence to show that she had ample opportunity to get away from the defendant after the alleged kidnapping, and that she left her home and went with the defendant of her own free will and *desire,* and without any persuasion or enticement from him. In fact, she testified, "He [defendant] didn't promise me anything or force me to get in, so I guess I got in the car of my own free will and accord." There was also much evidence tending to impeach her testimony, both by her contradictory statements made under oath and by the testimony of two officers of court who heard her testimony on a previous trial. Referring to this previous trial she testified: "I didn't tell the truth and the whole truth on that trial." The court did not charge on the subject of impeachment, the credibility of witnesses, or that the burden of proof was on the State. The 5th and 6th grounds of the motion for a new trial complain of the court's failure to charge on the modes of impeachment, and the 3d and 4th grounds of the motion complain of the court's refusal to charge as requested on the subject of impeachment. In the light of the evidence, the charge as a whole, and the written requests to charge, the failure of the trial judge to charge the jury appropriately on the subject of impeachment requires another hearing of the case. Whether a witness has been successfully impeached is a question for the jury, but whether the evidence demands a charge on the subject of impeachment is a question for the court. The written requests to charge were defective in that the requested instructions failed to state that the witness sought

to be impeached might be believed if her testimony was corroborated by the facts and circumstances of the case or other credible evidence. The trial judge, of course, is not required, in charging the jury, to adopt the language of counsel as contained in a request, but he is required to charge the correct principles of law applicable to the material issues of the case. "The charge of the court as given to the jury did not comply with the requirement of the law applicable to the facts of the case, and although the request to charge was objectionable, still it was the duty of the court to give the law applicable to the facts in charge to the jury, the more especially as attention was called to it by the defective request of the defendant. . . The defendant may be guilty, or he may not be, but whether he is or not, he should be tried in accordance with the laws of the land, and it is our duty to see that he is so tried." *Stafford* v. *State,* 55 *Ga.* 591 (4), 599. See also *Plummer* v. *State,* 111 *Ga.* 839 (36 S. E. 233); *McCullough* v. *Sawtell,* 134 *Ga.* 512, 515 (68 S. E. 89).

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*