### 25358. SPENCE v. THE STATE.

DECIDED JANUARY 10, 1936.

*Mack G. Hicks, Reuben A. Garland,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, John H. Hudson,* contra.

GUERRY, J. 1. The verdict finding the defendant guilty of voluntary manslaughter, under an indictment charging him with murder, was not without evidence to support it. Taking the facts as detailed by the defendant in his statement to the jury, it was left open to question whether the alleged assault upon him, therein set up as the ground of reasonable fear, was, as the same appeared to him at the time of the homicide, felonious or of a less serious nature; and thus the jury were authorized to find that the accused did not really entertain any such fear, but that there was a minor assault upon him, sufficient to justify the excitement of passion, which finding would support a verdict of voluntary manslaughter. See *Chestnut* v. *State,* 112 *Ga.* 366 (37 S. E. 384).

2. "The weight to be given to the evidence of witnesses alleged to have been impeached is not one of the material questions in the case, without allusion to which the charge would be necessarily defective. It is only incidental or collateral to such material point; and therefore a failure to charge concerning it will not require a new trial, where the attention of the court has not been called to it, and no request to charge concerning it has been made." *Smith* v. *Page,* 72 *Ga.* 539. See also *Robison* v. *State,* 114 *Ga.* 445 (40 S. E. 253), and cit. The facts of the case under consideration do not bring it within the rulings in *Stafford* v. *State,* 55 *Ga.* 591, and *Plummer* v. *State,* 111 *Ga.* 839 (36 S. E. 233). "In each of those cases a witness himself admitted that his testimony given upon a former trial was false, while in the present case the witnesses sought to be impeached stoutly denied that their testimony on the committal trial was different from what they testified in the last trial. This distinction seems to have been sufficiently material to call for the different rulings above referred to." *Robison* v. *State,* supra. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*