25397.   MARTIN *v.* THE STATE.

DECIDED APRIL 7, 1936.

*Strozier & Gower,* for plaintiff in error.
*Allan C. Garden, solicitor-general,* contra.

GUERRY, J.   █   The defendant was convicted of seduction. His motion for new trial was overruled; and properly so, according to our view, after a careful study of the evidence and of the grounds of the motion. As to the general grounds, it would serve no good purpose to discuss the evidence in detail, except to say that it was sufficient for the jury to find that the defendant by his attentions wooed and won the love of the prosecutrix, asked her to marry him, and was accepted, and a few months thereafter he betrayed that confidence, so generally present in the breast of a woman towards the man of her choice, by inducing her by persuasion and promises

214

of marriage to submit to the act of sexual intercourse with him. From a careful study of the following authorities we understand that this evidence is sufficient to support a verdict for seduction. *Wood* v. *State,* 48 *Ga.* 192 (15 Am. R. 664); *Wilson* v. *State,* 58 *Ga.* 328; *O'Neill* v. *State,* 85 *Ga.* 383 (11 S. E. 856); *Disharoon* v. *State,* 95 *Ga.* 351 (22 S. E. 698); *Langston* v. *State,* 109 *Ga.* 153 (35 S. E. 166); *Hill* v. *State,* 122 *Ga.* 166 (50 S. E. 57); *Woodard* v. *State,* 5 *Ga. App.* 447 (63 S. E. 573); *Dougherty* v. *State,* 7 *Ga. App.* 91 (66 S. E. 276); *Pough* v. *State,* 7 *Ga. App.* 610 (67 S. E. 695); *Boyett* v. *State,* 16 *Ga. App.* 150 (84 S. E. 613); *Durrence* v. *State,* 20 *Ga. App.* 192 (92 S. E. 962); *Odum* v. *State,* 21 *Ga. App.* 310 (94 S. E. 257); *Plumer* v. *State,* 22 *Ga. App.* 269 (95 S. E. 873); *Jones* v. *State,* 90 *Ga.* 616 (16 S. E. 380); *McTyier* v. *State,* 91 *Ga.* 254 (18 S. E. 140); *Washington* v. *State,* 124 *Ga.* 423 (52 S. E. 910); *Youmans* v. *State,* 16 *Ga. App.* 196 (84 S. E. 833); *Adams* v. *State,* 50 *Ga. App.* 507 (179 S. E. 223); *Brown* v. *State,* 30 *Ga. App.* 280 (117 S. E. 824); *Keller* v. *State,* 102 *Ga.* 506 (31 S. E. 92); *Cherry* v. *State,* 112 *Ga.* 871 (38 S. E. 341).

■ In the motion for new trial it is alleged: "Movant further contends that the court erred in refusing to give the following request to charge: 'State *v.* Clifford Martin, in Crisp superior court, July term, 1935. Seduction. Please charge the law upon the subject of impeachment of witnesses by proof of previous contradictory statements.'" The evidence would have supported a charge to the jury on the subject of impeachment of witnesses by proof of contradictory statements; for the foreman of the January term grand jury (this grand jury returned a no bill) testified that the prosecutrix swore before that grand jury that she had only one sexual intercourse with the defendant, and that that occurred on August 15, 1932; while the foreman of the July term grand jury testified that she swore before that grand jury that she had only one sexual intercourse with the defendant, and that that occurred around July 10 (the date alleged in the indictment), while on the trial she testified that she had five acts of sexual intercourse with the defendant, and the first was on the first of June, 1932. She further testified that she did not know whether the statements attributed to her by the above witnesses were actually made by her, but that at the time she appeared before the grand juries she was confused and embarrassed and

did not understand many of the questions put to her, including the meaning of "sexual intercourse," and that what she swore at the trial was the truth. Certainly the court did not err in omitting to comply with the request to charge; this for the reason that it was not a complete and correct statement of law. See *Macon, Dublin & Savannah R. Co.* v. *Joyner,* 129 *Ga.* 683 (59 S. E. 902); *Seaboard Air-Line Ry.* v. *Blackshear,* 11 *Ga. App.* 579 (75 S. E. 902); *Watts* v. *State,* 120 *Ga.* 496 (48 S. E. 142). In *Waller* v. *State,* 164 *Ga.* 128 (138 S. E. 67), it was held that a request to charge "upon the law of impeachment" was not a good request, and could be disregarded by the court. Moreover, counsel for the plaintiff in error admit in their brief that "the above-mentioned written request was perhaps incomplete, and merely sought a charge of abstract law." Their real contention is that it "invoked a charge of a principle of law applicable to his case, and before the jury retired, and the court erred in refusing the same, especially as the court failed to charge the jury at all upon the subject of impeachment of witnesses." However, where it is not necessary for a judge to give in charge a certain principle of law, the only legal manner of invoking and making it necessary to give that principle in charge is by a proper "written request." It has already been pointed out that the above request does not amount to a "written request," within the meaning of the Code of 1933, § 81-1101.

The only other question necessary to be considered in this connection is: Should the judge have charged on the subject of impeachment of witnesses, under the facts of the case, even without a request? On this subject it has been said: "The weight to be given to the evidence of witnesses alleged to have been impeached is not one of the material questions in the case, without allusion to which the charge would necessarily be defective. It is only incidental or collateral to such material point; and therefore, a failure to charge concerning it will not require a new trial, where the attention of the court has not been called to it, and no request to charge concerning it has been made." *Smith* v. *Page,* 72 *Ga.* 539. This rule has been consistently followed, with one exception which will presently be discussed. See *Robison* v. *State,* 114 *Ga.* 445 (40 S. E. 253), and cit.; *Hatcher* v. *State,* 116 *Ga.* 617 (42 S. E. 1018); *Cæsar* v. *State,* 127 *Ga.* 710 (57 S. E. 66); *Hunter* v. *State,* 133 *Ga.* 78 (65 S. E. 154); *Perdue* v. *State,* 135

*Ga.* 277 (6) (69 S. E. 184); *Jackson* v. *State,* 135 *Ga.* 684 (5) (70 S. E. 245); *McCrary* v. *State,* 137 *Ga.* 784 (74 S. E. 536); *Kelly* v. *State,* 145 *Ga.* 210 (88 S. E. 822); *Getting* v. *State,* 166 *Ga.* 160 (142 S. E. 685); *Strickland* v. *State,* 4 *Ga. App.* 445 (61 S. E. 841); *Craig* v. *State,* 9 *Ga. App.* 233 (3) (70 S. E. 974); *Smith* v. *State,* 13 *Ga. App.* 32 (78 S. E. 685); *File* v. *State,* 16 *Ga. App.* 22 (84 S. E. 485); *McDonald* v. *State,* 21 *Ga. App.* 125 (5) (94 S. E. 262); *Tobin* v. *State,* 29 *Ga. App.* 305 (115 S. E. 36). It was said by the Supreme Court, in *Stafford* v. *State,* 55 *Ga.* 591: "Where a witness swore to a certain state of facts upon one trial, and to the contrary upon a second trial of the same case, admitting that his testimony first given was false, it was error in the court to fail to charge that if a witness knowingly and wilfully swears falsely in a material matter, his testimony should be rejected entirely, unless it be corroborated by the facts and circumstances of the case or other credible evidence." This ruling was followed in *Plummer* v. *State,* 111 *Ga.* 839 (36 S. E. 233); *Kelly* v. *State,* 145 *Ga.* 210 (88 S. E. 822); *Reagin* v. *State,* 36 *Ga. App.* 645 (137 S. E. 795). However, the Supreme Court in *Robison* v. *State,* supra, said: "Counsel for the plaintiff in error contend that this well-established rule of practice is not applicable to the case in hand, but that this case is controlled by the rule announced in *Stafford* v. *State,* 55 *Ga.* 591, which was followed in *Plummer* v. *State,* [supra], that, where a witness swore to a certain state of facts upon one trial, and to the contrary upon a second trial of the same case, admitting that his testimony first given was false, it was error in the court to fail to charge that if a witness knowingly and wilfully swears falsely in a material matter, his testimony should be rejected entirely, unless it be corroborated by the facts and circumstances of the case or other credible evidence. The facts of the case under consideration do not bring it within the scope of the principle announced in the two cases last cited. In each of those cases a witness himself admitted that his testimony given upon a former trial was false, while in the present case the witnesses sought to be impeached stoutly denied that their testimony on the committal trial was different from what they testified in the last trial. This distinction seems to have been sufficiently material to call for the different rulings above referred to." It would thus seem that the Supreme Court has limited the ruling in

these two decisions to cases where the witness admits that he "wilfully and knowingly swore falsely," and therefore this ruling would not apply in this case, where the witness denied that she swore wilfully and knowingly falsely, but said that if she swore to a contradictory state of facts it was because she was confused and embarrassed and did not understand thoroughly the questions that were put to her. Therefore the well-established general rule would seem to apply in the case at bar; and it must be held that the judge did not err in failing to charge on the subject of impeachment, even though a defective request was submitted to it in this connection.

■ The defendant also complains that the judge failed to charge the jury on the subject of alibi. The indictment charged the defendant with having seduced the prosecutrix on July 10. Under such indictment the State could prove that the act of seduction occurred at any time within two years before the bringing of the indictment. The prosecutrix testified that the act of *seduction* occurred on June 1, 1932, and that there occurred several other acts of intercourse between that time and the first several days of July. The defendant proved his absence from the State from July 3 until July 13. He also introduced evidence which tended to support the conclusion that the baby born to the prosecutrix was conceived sometime between July 3 and July 15, during his absence. However, he was being prosecuted for seduction, not bastardy; and it was only in case the jury believed that the act of sexual intercourse which amounted to seduction took place during that time that this evidence would be proof of an alibi. The evidence of the prosecutrix was plain that it did not; and therefore this testimony was no defense at all, unless the jury first discredited the testimony of the prosecutrix. The defendant's real defense was that he had not at any time ever had sexual intercourse with the prosecutrix, and that in any event she was not a virtuous woman, and therefore could not have been seduced by him at the times she claimed he had sexual intercourse with her. In other words, if it were necessary to the crime of seduction that there be a baby born as a result of the act of sexual intercourse, proof that one accused thereof was absent at or about the time the child must have been conceived, according to the experience of medical experts, would be a substantial issue; and if raised by testimony, and

not alone by the statement of the defendant, the judge would be required to instruct the jury on that principle, even in the absence of a request so to do. Such was held in *Fletcher* v. *State*, 85 *Ga*. 666 (11 S. E. 872); *Hobbs* v. *State*, 8 *Ga. App*. 53 (16 S. E. 515); *Moody* v. *State*, 114 *Ga*. 449 (40 S. E. 242); *Mosley* v. *State*, 165 *Ga*. 290 (140 S. E. 754). However, where the evidence for the State is definite and positive that the crime, if committed, was committed on a certain date, and there was no other evidence to show that the crime was committed on any other date (the defendant introduced evidence of contradictory statements on the part of the prosecutrix as to the date of the alleged seduction, which went only to the credit to be given her testimony, but introduced no evidence to refute the testimony of the prosecutrix that the crime, if committed, was committed on June 1), a showing that the accused was absent at a subsequent date, the alleged date of the conception of the child, amounted to no defense at all; and we do not think the judge erred in failing to charge on the subject of alibi.

The remaining assignments of error are plainly without merit, and do not require discussion. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*