25977. HUNT *v.* POLLARD, receiver.

424

*Winfield P. Jones, Louis H. Foster,* for plaintiff.

*Little, Powell, Reid & Goldstein, James K. Rankin,* for defendants.

Guerry, J. This is the second appearance of this case in this court. Mrs. M. L. Hunt sued Pollard, as receiver of the Central of Georgia Railroad Company, for damages for the alleged negligent homicide of her husband, by the operation of one of its trains. For a full statement of the allegations of her petition, reference is made to *Hunt v. Pollard,* 51 *Ga. App.* 948 (181 S. E. 793). The jury returned a verdict for the defendant, and the plaintiff prosecutes this writ of error complaining of the overruling of her motion for new trial.

■ In one of the grounds of the motion for new trial the plaintiff excepts to the refusal by the judge of a request to charge the following, taken in totidem verbis from the opinion of the Supreme Court in *Southern Ry. Co. v. Chatman,* 124 *Ga.* 1026 (53 S. E. 692, 6 L. R. A. (N. S.) 283, 4 Ann. Cas. 675): "It is a sound and wholesome rule of law, humane and conservative of human life, that, without regard to the question whether the person killed or injured in the particular case was or was not a trespasser or a bare licensee upon the track of the railway company, the company is bound to exercise special care and watchfulness at any point

upon its track where people may be expected upon the track in considerable numbers, as, for example, in a city where the population is dense; even between streets where the track has been extensively used for a long time by pedestrians; or where the road-bed is constantly used by pedestrians. ˙ . . At such places the railway company is bound to anticipate the presence of persons on the track, to keep a reasonable lookout for them, to give warning signals, such as will apprise them of the danger of an approaching train, to moderate the speed of its train so as to enable them to escape injury; and a failure of duty in this respect will make the railway company liable to any person thereby injured, subject, of course to the qualification that his contributory negligence may bar a recovery." We think the judge rightly refused the request so to charge. Refusal of a request to charge is not error unless the charge requested is itself correct and perfect. *Montford* v. *State,* 144 *Ga.* 582 (3) (87 S. E. 797) ; *Wall* v. *State,* 126 *Ga.* 86 (5) (54 S. E. 815) ; *Dorsey* v. *State,* 2 *Ga. App.* 228 (2) (58 S. E. 477) ; *Brinkley* v. *State,* 58 *Ga.* 296 (2) ; *Flemister* v. *Central Georgia Power Co.,* 140 *Ga.* 511 (8 a) (79 S. E. 148) ; *McGee* v. *Young,* 132 Ga. 606 (5) (64 S. E. 689) ; *Bank of Waynesboro* v. *Ellison,* 162 *Ga.* 657 (134 S. E. 751) ; *Abercrombie* v. *McLarty,* 173 *Ga.* 414 (2) (160 S. E. 611) ; *Landrum* v. *Rivers,* 148 *Ga.* 774 (2) (98 S. E. 477). If it is not so, the judge should reject it. It need not be such that, if given, it would amount to reversible error. That part of the requested charge that "It is a sound and wholesome rule of law, humane and conservative of human life," would not have been in harmony with a fair and impartial charge. It was argumentative and at most unnecessary. As was said by the Supreme Court in *Central R.* v. *Thompson,* 76 *Ga.* 770 (5 a) : "In a charge to the jury, an encomium upon the law is unnecessary, if not one-sided, in lauding the wisdom of the law which bears on the company, unless a like encomium be passed upon that which imposes care and diligence upon the passenger." In that case, while the Supreme Court did not hold such a charge reversible error, yet they did expressly disapprove it as being unnecessary. In *McGee* v. *Young,* supra, it was said: "A new trial will not be granted because of the refusal by the court to give a charge containing an argumentaitve discussion of the various reasons underlying the rule of law that in

all civil cases the jury are bound to take the law from the court." Examples might be multiplied, but we deem it unnecessary. While the judge could have eliminated this objectionable part of the charge, and given the rest to the jury, if it be not subject to further criticism (*Campbell* v. *Miller*, 38 *Ga.* 304, 95 Am. D. 389; *Ray* v. *State*, 15 *Ga.* 223, he was not required to do so (*Seaboard Air-Line Ry.* v. *Blackshear*, 11 *Ga. App.* 579 (3), 75 S. E. 902; *Sims* v. *Scheussler*, 5 *Ga. App.* 850, 852, 64 S. E. 99; *Rome Insurance Co.* v. *Thomas*, 11 *Ga. App.* 539 (3), 75 S. E. 894) ; and a refusal to give the charge as requested was not error, for the reason already pointed out. Counsel points out that the charge is taken in totidem verbis from an opinion of the Supreme Court. We must therefore repeat the oft-decided principle, that language employed by a judge of a reviewing court in discussing a case, or in giving reasons for a decision, is not always appropriate for use by a trial judge in charging a jury. *Flemister* v. *Central Georgia Power Co.*, 140 *Ga.* 511 (8) (79 S. E. 148); *Savannah, Florida &c. Ry. Co.* v. *Evans*, 115 *Ga.* 315 (2) (41 S. E. 631, 90 Am. St. R. 116); *A. & W. P. R. Co.* v. *Hudson*, 123 *Ga.* 108 (51 S. E. 29); *Southern Cotton-Oil Co.* v. *Skipper*, 125 *Ga.* 368 (9) (54 S. E. 110). As was said in *Leonard* v. *State*, 133 *Ga.* 435 (66 S. E. 251) : "It is evident that in an opinion reasons, argument, and illustrations are often valuable for the purpose of demonstrating the correctness of a legal conclusion reached, or of a judgment rendered; while the charge of a trial judge should not be argumentative or seek to demonstrate the correctness of the positions announced by him, but should instruct the jury as clearly and plainly as practicable in regard to the law applicable to the case before them."

In addition to the above criticism of the requested charge, we might add that it is subject to the further criticism that it amounted to an instruction to the jury as. to what ordinary care requires should be done in a particular case; and such a charge has many times been held by this court and the Supreme Court to be erroneous. Where in a given case, from notice of constant use of its tracks by the general public, the railroad company is charged with the duty of anticipating trespassers on the track at such place, they are "'under a duty to take such precautions to prevent injury to such persons as would meet the requirements of

ordinary care and diligence.' *L. & N. R. Co.* v. *Arp,* 136 *Ga.* 489 (71 S. E. 867)." *Hunt* v. *Pollard,* supra. For the judge to tell the jury that under such circumstances it was the duty of the defendant to "keep a reasonable lookout," "to give warning signals such as will apprise them of an approaching train," and "to moderate the speed of its train so as to enable them to escape injury," was in effect telling them what acts constituted ordinary care and as such was erroneous. *A. & W. P. R. Co.* v. *Hudson,* 123 *Ga.* 108 (51 S. E. 29); *Harris* v. *Central R. Co.* 78 *Ga.* 525, 536 (3 S. E. 355) and cit.; *Atlanta & West Point R. Co.* v. *Jacobs' Pharmacy Co.,* 135 *Ga.* 113 (10) (68 S. E. 1039); *Central of Ga. Ry. Co.* v. *Brown,* 138 *Ga.* 107 (8) (74 S. E. 839). Furthermore, in so far as the request was correct and applicable, it was fully covered by the general charge. The court charged as follows: "In this connection, gentlemen, I charge you that if, from the locality, the circumstances, and the known habits of the public generally, such railway company has reason to apprehend that the track in front of the train might not be clear of human beings, then the duty of anticipating the presence of danger to such a trespasser would devolve upon the employees of the railroad company operating the train; and the failure of the employees of the railway company to discover the presence of a trespasser, at a place where and a time when it may have been their duty to anticipate such person, might amount to the lack of ordinary care on the part of the company. I also charge you that if you find from the evidence that the locality at which the plaintiff's husband in this case claims to have been injured was used with such frequency, with the knowledge and consent of the railway company, and with the knowledge and consent of the employees of the railway company in charge of the train at the time of the alleged injury, so that the employees had reason to apprehend that the track in front of the locomotive might not be clear of human beings, then the duty of anticipating the presence of and danger to such human beings would devolve upon the company; that is, the defendant in this case." This charge fully instructed the jury that if, from the locality, the circumstances and the known habits of the public generally, the employees of the railway had reason to apprehend the presence of persons on its track in front of its train, they

were under a duty to exercise ordinary care to prevent injury to them, and that was all the plaintiff was entitled to. *Corry* v. *Tompkins,* 17 *Ga.* 351; *Carter* v. *Dixon,* 69 *Ga.* 82 (5); *Hoffman* v. *Oates,* 77 *Ga.* 701; *Richmond & Danville R. Co.* v. *Howard,* 79 *Ga.* 44 (5) (3 S. E. 426). Especially will a new trial not be granted where the evidence overwhelmingly supports the verdict rendered, as in the present case.

Various grounds of the motion for new trial deal with and complain of the alleged failure of the judge to submit to the jury certain material contentions, and certain grounds of negligence, set out in the plaintiff's petition, and the alleged misstatement of certain contentions. We have carefully examined these grounds, and rule that they are without merit. In dealing with those complaints that the judge failed to submit to the jury certain contentions of plaintiff as set out in her pleadings, it is important to note that while a reading of the petition and the answer by the judge at the inception of his charge has long been sanctioned by our courts of last resort as a method of giving to the jury a picture of the respective contentions of the parties, that they might more readily conceive the application of the law given them in charge to the facts of the case (and we might add here, as concerns the present case, that it is apparent that the judge read to the jury all of the substantial contentions of the plaintiff, as evidenced by her pleadings), it is not required that he do so. If the jury are instructed, as they were in the present case, that the pleadings are not to be considered as evidence, that they will be out with them during their deliberations, and that it is their privilege as well as their duty, when necessary to become more informed as to the respective contentions of the parties, to refer to them, and thereafter the judge proceeds to give the jury clearly and fairly the "law applicable to the issues involved" (*Central Ry. Co.* v. *McKinney,* 118 *Ga.* 535, 45 S. E. 430), it will not be held reversible error that the judge failed affirmatively to state some contention as stated in the plaintiff's petition. In such case, if the plaintiff desired more elaborate instructions upon her various contentions, she should have submitted a written request therefor. See *Central R.* v. *Harris,* 76 *Ga.* 501; *Smith* v. *Bibb Mfg. Co.,* 112 *Ga.* 680 (37 S. E. 861); *Wrightsville & Tennille R. Co.* v. *Gornto,* 129 *Ga.* 204 (3) (58 S. E. 769).

In this connection it is contended that the judge failed to submit to the jury a material contention of the plaintiff; that for a considerable time before the homicide of the plaintiff's husband persons had been accustomed to stand at and upon the said strip of ground between the main and side-tracks. Nothing could be so obviously without merit. We have already set out the substance of the plaintiff's petition. Her husband was killed while standing between the main line of the defendant and a side-track, on which side-track there were situated "camp-cars" maintained by the defendant. In regard to the use of the defendant's right of way, the petition alleged (1) that "during said times and at said place the plaintiff's husband and other persons were openly, constantly, continuously, and notoriously crossing and recrossing, standing upon or near or otherwise using the said main railroad track;" (2) that "the residents of said city and other persons had been for some time prior to the placing of said 'camp-cars' on said side-track crossing and recrossing the said main and side-tracks at said place, and walking and driving vehicles longitudinally along said tracks;" (3) that at said camp-cars, and near the place where the homicide occurred, there existed a private crossing or path, "which said private crossing or private path leading up to and across said tracks at said time had for a considerable time prior thereto been in open, continuous, constant, and notorious use by pedestrians, and plaintiff's husband and other pedestrians had during the time said 'camp-car' was situated at said place and for a considerable time prior to the time of the homicide of plaintiff's husband been using said crossing or private path up to and over said main and side-tracks with the knowledge and consent of the defendant;" (4) that "defendant knew and in the exercise of ordinary care ought to have known that pedestrians were walking up and upon said main and side-tracks," dealing with defendant's employees on said cars, "including its repair men engaged at work at said place, and that pedestrians were crossing and recrossing said main and side-tracks at said time and place and were standing at and upon the strip of ground not exceeding five or six feet in width between said 'camp-car' on said side-track and the main track at said place." It will be seen that the only place in the plaintiff's pleadings where "the strip of ground not exceeding five or six feet in width between said 'camp-car' on

said side-track and said main track at said place" is specifically mentioned, and its use stated, is as set out in (4) above, where it is alleged that the defendant knew and in the exercise of ordinary care ought to have known that "pedestrians . . were standing at and upon the strip of ground," etc. In this connection the judge charged: "She alleges, in substance, . . *that the defendant knew or in the exercise of ordinary care ought to have known . . that persons were standing at and upon the strip of ground which did not exceed five or six feet in width between the camp-car and the main track at the place where the plaintiff's husband was killed.*" It is necessary to make only a casual comparison of this charge and the pleadings to be convinced that the judge gave the plaintiff full benefit of this contention as it was alleged in her petition. As we gather from the allegations of the petition, it was the general contention of the plaintiff that because of the notorious and constant use of the tracks and right of way of the defendant in and about and at the place the plaintiff's husband was killed, and the defendant's knowledge thereof, the trainmen should have anticipated his presence and taken such precautions to prevent injury to him as the exercise of ordinary care required under the circumstances alleged. We have already pointed out in the first division of this opinion that the judge gave the jury a full and clear statement of the law upon this theory of plaintiff's case. The judge also fully stated to the jury the plaintiff's contention that there was a private path up to the camp-car and over the tracks near the place where her husband was killed, as set out in number (3) above. He stated that "she alleges, in substance, . . that there was also a private crossing leading to the place where the camp-car was standing, which was much used by the public."

■ The judge expressly withdrew from the jury the allegation of negligence as contained in the petition that the "defendant was negligent . . in driving said engine at the reckless speed of fifty or sixty miles an hour at said time and place into plaintiff's husband." In this we think the judge was correct. There was no evidence to support the contention that the train was being driven at "the reckless speed of fifty or sixty miles an hour." On the other hand the evidence overwhelmingly tended to show that the train was being driven at a very reasonable rate of speed. In

this connection the judge submitted to the jury the question whether or not the defendant kept its train under proper control under the circumstances.

■ In another ground exceptions are taken to the following charge of the court: "The defendant, gentlemen, comes into court and files his answer and says that for lack of sufficient information he can neither admit nor deny the allegations contained in paragraphs 1, 15, 16, and 17 of the plaintiff's petition. He admits the allegations contained in paragraph 2 of the plaintiff's petition, and denies each and all of the other allegations in the plaintiff's petition." To begin, we might state that to prove the incorrectness of this charge will require a great amount of genius and ingenuity; for the contents of the charge are exactly those of the defendant's answer, and certainly it was the duty of the judge to give the jury the benefit of these allegations. One objection to this charge is that the judge had not given to the jury the plaintiff's allegations by paragraphs and the numbers as set out in the petition, and therefore that "the jury did not and could not know what of plaintiff's contentions had been admitted, what neither admitted nor denied, nor what denied." It hardly seems necessary to say that such a complaint is without merit. Nothing can be more settled in our law than that to require a new trial because of a charge of the court it must be shown that the charge worked injury to the complaining party. The judge charged: "Now, gentlemen, I have merely stated to you, in substance, the allegations of the plaintiff's petition and of the defendant's answer. You will have the papers out with you when you have the case under consideration, and you can and should refer to them as often as may be necessary to get the contentions of the parties in more detail." It is to be presumed that the jury was made up of ordinarily intelligent men and that by an inspection of the pleadings they could and did determine just what allegations of the petition were admitted, what neither admitted nor denied, and what denied. Certainly they did not perceive that the judge had attempted to tell them specifically what allegations were admitted, denied, or neither admitted nor denied, but on the other hand that they should refer to the pleadings to obtain this information. Furthermore, this assignment of error is tantamount to an assignment that the instruction was erroneous because the

judge did not in the same connection give some other instruction. This is not a good assignment of error. *Seaboard Air-Line Ry.* v. *Randolph,* 136 *Ga.* 505 (71 S. E. 887). Under such an assignment the only question for decision is whether the proposition stated is correct as a matter of abstract law. *McLean* v. *Hatlan,* 127 *Ga.* 579 (56 S. E. 643). We have no hesitation in holding that the charge which is made the subject of this assignment of error was correct. The charge given by the court concerning the effect of the defendant's answer, to wit, that it placed upon the plaintiff the burden to prove the material allegations of her petition, was correct, and what we have said with regard to the above assignment of error is equally applicable.

■ In another ground the plaintiff contends, (1) that the judge stated to the jury the contentions of the defendant more fully than those of the plaintiff, and (2) that he stated some contentions of the defendant that were not supported by any evidence. Conceding this averment to be true (which we can not, after a careful examination of the judge's charge), we do not think the assignment of error meritorious. In stating these contentions he was merely stating them as they appeared from the pleadings. This is apparent from a reading of that portion of the charge. "It is not reversible error for the court, in stating the contentions of the parties, to state these contentions as they are presented in the pleadings, even though there be no evidence, or insufficient evidence, to support the contention. The well-recognized proposition that error can not be successfully assigned of a refusal to direct a verdict is merely a corollary of this general proposition." *Matthews* v. *Seaboard Air-Line Ry.,* 17 *Ga. App.* 664 (87 S. E. 1097); *W. & A. R.* v. *Lochridge,* 39 *Ga. App.* 246 (146 S. E. 776); *Ga. Ry. & Power Co.* v. *Simms,* 33 *Ga. App.* 535 (126 S. E. 850); *White* v. *Knapp,* 31 *Ga. App.* 344 (120 S. E. 796). "That the contentions of one party were not as specifically set forth in the charge of the court as were those of the other was not cause for a new trial, when the charge as a whole fully, fairly, and correctly covered the law applicable to every issue in the case." *Atlanta Consolidated Street Ry. Co.* v. *Bagwell,* 107 *Ga.* 157 (33 S. E. 191).

■ The general grounds of the motion for new trial are without merit. We may sustain the verdict upon two grounds. (1)

The jury were amply authorized to find that the plaintiff's husband was killed because of his failure to exercise ordinary care. Code, § 105-603. There is no necessity to set out in detail the evidence submitted at the trial. It is enough to say that the evidence, when taken most favorably to the defendant, shows that the plaintiff's husband was standing in between the main track and the side-track, offering his wares for sale to the cook on the defendant's camp-car; that he was in a place of safety, and that immediately before the train reached him he stepped backward on or nearer the main track into the path of the oncoming train, without turning his head to look to see if the track was clear. It is clear that it is the law of the case that the plaintiff's husband was not guilty of a lack of ordinary care *as a matter of law*. However, it is equally clear that under such circumstances the jury might well have found that such lack of ordinary care existed as a matter of fact. See *Peeples* v. *L. & N. R. Co.*, 37 *Ga. App.* 87 (139 S. E. 85); *Coleman v. Western & Atlantic R.*, 48 *Ga. App.* 343 (172 S. E. 579). (2) The jury were further amply authorized to find that the evidence failed to show any negligence on the part of the defendant's servants. In conclusion we might state that we have with painstaking care gone over the charge of the judge and compared it with the issues raised by the pleadings; and we find that it was a full, clear, and correct exposition of the law. The plaintiff was given the full benefit of every provision of law to which, under the facts of her case, she was entitled, and in some instances the charge was more favorable to her than she had a right to demand. No such material error appears as would require another trial of the case; and the verdict having the approval of the judge, we hold that he did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*