FULLER *v.* THE STATE.

No. 14798. JUNE 7, 1944.

*M. F. Adams* and *C. A. Giles,* for plaintiff in error.

*T. Grady Head, attorney-general, C. S. Baldwin, solicitor-general,* and *L. C. Groves, assistant attorney-general,* contra.

BELL, Chief Justice. The special grounds of the motion for new trial will be referred to herein according to the numbering in the amendment to the motion.

■ We shall consider first the special ground numbered 4. The State's evidence, which, on the disputed issues, was entirely circumstantial, tended to show that the accused, Ennis Key, and Elsie Simmons formed a conspiracy to rob the deceased, and in the execution of such conspiracy killed him by beating. The State offered in evidence an indictment charging Fuller with robbery by force, with a plea of guilty thereon, which offense was alleged to have been committed upon the person of one Hubert Hawkins, about sixteen months before the alleged murder. The defendant objected on the following ground: "In this case the Supreme Court has ruled that the foregoing evidence, on account of certain similarities, set out in the opinion, between the two cases, was properly admitted to show motive, plan, or scheme; but that the record of the indictment and plea, without more, did not show the points of similarity to which the Supreme Court had referred, and upon which the ruling was based," the reference being to the decision by this court on the former appearance of the case. *Fuller* v. *State,* supra. "Thereupon, the court called upon the State to introduce evidence to meet this objection, and, after the witness, Hubert Hawkins, had testified in the hearing of the jury, overruled defendant's objection and admitted the said documentary evidence." Afterwards, still other evidence was introduced, showing the circumstances of both of the alleged offenses. The enumeration in the former decision of certain points of similarity between the two offenses as to the manner of commission was not a ruling that all such likenesses were necessary to render the indictment admissible. On the trial now under review, the evidence as a whole authorized a finding that the following points of similarity as to the manner of commission existed: (1) both victims were intoxicated at the time of the assault; (2) the accused and the victim were in a motor vehicle at night; (3) the force used was beating; and money was taken from the persons of both victims; (4) in each case, the accused was aided and abetted by another

man, though not the same man on the two occasions; (5) at the time of the alleged murder, a woman, apparently in no way related to the accused, was present as an accomplice; and in the robbery case the same woman was either present when the victim was assaulted or appeared on the scene shortly thereafter, under circumstances tending to connect her with the crime; (6) on each occasion, the accused took advantage of an ostensibly innocent contact with a previous acquaintance,—in the first case having himself asked for a ride, and in the latter case having given one, even if he did not purposely bring it about. In the murder case, the defendant contended that the deceased came to his death by falling from the moving vehicle, without fault on the part of the defendant. In the circumstances, evidence of the former alleged robbery and the manner of its commission was admissible on the trial of the murder case for the purpose of showing intent, plan, or scheme, and it was not cause for a new trial that the court admitted in evidence the indictment and plea of guilty in the robbery case, over the objection urged. *Suber* v. *State,* 176 *Ga.* 525 (168 S. E. 585). Nor did the court err, as insisted in ground 5, in admitting the testimony of Hubert Hawkins as to the former offense of robbery, over the objection that the record in the robbery case was the best evidence of the testimony in said former trial, and that all of the record, that is, the agreed brief of evidence, should be introduced rather than the testimony of a single witness.

■ In ground 6, the following appears: F. A. Wilson, a witness for the State, testified that on the afternoon next before the alleged murder, he overheard a conversation between the defendant Fuller and one Grady Gassoway, in which the defendant, referring to the deceased and another man by the name of Marion Rogers, stated to Gassoway that those two men had "a bunch of money" and that he would get it if he "could get somebody to deal with him." There was no objection to this testimony, but the witness on further interrogation testified, "I reported that to Marion Rogers." To this last statement the defendant objected on the grounds: (1) that the claim of the witness to have made a report did not tend to establish the fact to which he had testified; and (2) that the evidence was irrelevant and immaterial.

In view of the entire record, this ground of the motion does not show cause for a new trial. Whether the testimony was admissible

at the time it was introduced, the defendant later during the trial sought to discredit the witness Wilson by showing that Fuller had made no such statement to Gassoway. After this was done, it would have been permissible for Wilson to testify that he had reported the matter to Rogers. "If an attempt be made to discredit a witness on the ground that his testimony is given under the influence of some motive prompting him to make a false or colored statement, he may be allowed to show in reply that he made similar declarations at a time when the motive imputed to him did not exist." *Sweeney* v. *Sweeney,* 121 *Ga.* 293 (4) (48 S. E. 984). See also, *McCord* v. *State,* 83 *Ga.* 521 (10 S. E. 437); *Williams* v. *State,* 152 *Ga.* 498 (3), 527 (110 S. E. 286); *Lance* v. *State,* 166 *Ga.* 15 (12) (142 S. E. 105); *Aycock* v. *State,* 62 *Ga. App.* 812 (3), 818 (4) (10 S. E. 2d, 84). Such testimony having been thus rendered admissible after it was introduced, the error, if any, in its admission was cured. *Shaw* v. *Jones,* 133 *Ga.* 446 (5) (66 S. E. 240); *Holland* v. *Bell,* 148 *Ga.* 277 (2) (96 S. E. 419); *Milner* v. *Allgood,* 184 *Ga.* 288 (4) (191 S. E. 132).

This ground of the motion is not controlled by the previous decision in this case, in which it was held that the trial court erred in admitting testimony that amounted to relating detailed hearsay statements of witnesses who had testified.

■ On the first trial, one Otis Thompson, as a witness for the State, testified that the defendant had asked him to help rob Jones. On the present trial, it was shown that Thompson was inaccessible, being in the army, and the record of his former testimony was introduced. The defendant introduced a witness who testified that since the former trial, Thompson had stated to the witness that his testimony at that trial was false, and that he had so testified for the purpose of revenge. The defendant also introduced a witness who testified as to the general bad character of Thompson. In ground 7, the movant complains that in these circumstances the court erred in failing to charge the jury that, if a witness shall swear wilfully and knowingly falsely, his testimony should be disregarded unless corroborated by circumstances or other unimpeached evidence. Code, § 38-1806. There is no merit in this ground. *Smaha* v. *George,* 195 *Ga.* 412 (3) (24 S. E. 2d, 385); *Grier* v. *State,* 196 *Ga.* 515 (3) (26 S. E. 2d, 890). This is not a case in which a witness, after testifying to a certain

state of facts upon one trial, testified upon a later trial to the effect that his former testimony was false. If such a situation had existed, a different question would be presented. *Stafford* v. *State*, 55 *Ga.* 591 (4) ; *Kelly* v. *State*, 145 *Ga.* 210 (88 S. E. 822) ; *Martin* v. *State*, 53 *Ga. App.* 213 (2), 216 (185 S. E. 387).

■ The evidence authorized the verdict, and the court did not err in refusing a new trial. *Simmons* v. *State*, 196 *Ga.* 395 (26 S. E. 2d, 785).

*Judgment affirmed. All the Justices concur, except Wyatt, J., who dissents from the ruling in division 1 of the opinion, and from the judgment of affirmance.*